[Civ. No. 4247.  First Appellate District, Division Two.—August 3, 1922.]

## T. A. RODGERSON, Respondent, v. W. J. LEBARON, Appellant.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—CONTRIBUTORY NEGLIGENCE — LAST CLEAR CHANCE—CONFLICTING EVIDENCE—JUDGMENT—APPEAL. In an action for damages for injuries resulting from the collision at a road intersection of two automobiles, one driven by defendant and the other driven by plaintiff's son, where the evidence upon the questions of contributory negligence and last clear chance to avoid the collision is conflicting, and the court, sitting without a jury, resolves the conflict in favor of plaintiff, the judgment will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

William N. Graybiel for Appellant.

C. W. White for Respondent.

NOURSE, J.—Plaintiff recovered judgment for $626.90 for injuries resulting from the collision of two automobiles, one driven by the defendant and the other driven by plaintiff's son. The collision occurred at the intersection of the state highway with Redwood Road, near the town of Hayward, in Alameda County. The plaintiff, with his son driving, was going south on Redwood Road intending to cross the highway. The defendant approached on his left, going west on the highway. The right front wheel of defendant's car struck the left rear wheel of plaintiff's car at a point on the highway about six feet south and to the left of the intersection. The testimony relating to the speed of the cars contains the usual conflict.

[1] The appeal is based upon the ground that the evidence shows that the plaintiff was guilty of contributory negligence and that he had the last clear chance to avoid the collision. Upon both of these issues the evidence is conflicting and the court, sitting without a jury, resolved the

conflict in favor of plaintiff. Under the circumstances the judgment should not be disturbed.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.