[Civ. No. 4669. First Appellate District, Division Two.—November 21. 1923.]

## W. R. EMERICK, Respondent, v. O. L. JOHNSON, Appellant.

[1] NEGLIGENCE—AUTOMOBILE COLLISION — FINDINGS — EVIDENCE—APPEAL.—In an action for damage caused to plaintiff's automobile as the result of a collision between it and defendant's automobile at a street intersection, the findings of the trial court to the effect that there was no negligence on the part of plaintiff and that defendant was negligent will not be disturbed on appeal if they are supported by any evidence in the record.

[2] ID.—USE OF DIAGRAM TO ILLUSTRATE TESTIMONY—ABSENCE FROM RECORD—PRESUMPTION.—In such action, where the testimony of plaintiff, as shown in the record on appeal, indicates that he was free from negligence, but that defendant was negligent, and such testimony also indicates that the trial court had before it a map or diagram illustrating the testimony of the witness, but such diagram is not before the appellate court, the latter court will assume that such diagram lent aid to the findings made by the trial court.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Barry J. Colding and Theodore Hale for Appellant.

Joseph J. Bullock for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him in an action to recover for damage caused to plaintiff's automobile by a collision between it and defendant's automobile at a street intersection in South San Francisco.

[1] As appellant states, the appeal involves only a question of fact, it being his contention that the evidence fails to show negligence on the part of the defendant and shows negligence on the part of the plaintiff.

The case was tried without a jury and the court made the following pertinent findings of fact: That on February 7, 1921, in the city of South San Francisco, county of San Mateo, state of California, plaintiff was the owner of and was operating a certain automobile in a careful and prudent manner and at a lawful rate of speed along Miller Street and was driving thereon in a general southeasterly direction and on the right-hand side of said street and toward the intersection of said Miller Street with Linden Avenue, another public street in said city; that about the same time defendant was operating his automobile in a careless and reckless manner and at an unlawful rate of speed along said Linden Avenue, proceeding in a general northwesterly direction thereon and toward the said point of intersection of said street or avenue with said Miller Street; that as plaintiff in his automobile *reached* the said point of intersection of said two streets, defendant in his automobile was then on said Linden Avenue and *approaching* said point of intersection from the right of plaintiff and said defendant was then and there *farther from said point of intersection than was plaintiff*. The court further finds that when the plaintiff had reached a point on said crossing and intersection beyond the center of said intersection, said defendant carelessly, negligently, recklessly, and unlawfully attempted to pass in front of plaintiff's automobile, and by reason of said recklessness and carelessness of defendant in so attempting to pass in front of said automobile of plaintiff, plaintiff's automobile collided with the automobile of the defendant, injuring and damaging plaintiff's automobile.

These findings are conclusive in this court if they are supported by any evidence in the record, and while the appellant makes a strong. case by presenting excerpts from the record, an examination of the transcript discloses the following testimony by plaintiff: "A. Yes, I had come from my residence which is over in this direction. Q. Come on to Miller Avenue? A. Yes; came up to here and came along Miller Avenue (pointing). Q. Indicate with the chalk. A. This would be the center street here and as I proceeded along here there was a car down here somewhere (indicating). Q. When you were proceeding along here and were close to the intersection was this car quite a distance down? A. Yes, sir; it was. . . . Q. As you got close to the corner you observed a car some distance down? A. Down the street, yes. Q. Now tell me, as you approached the intersection of the two streets known and designated one as Miller Avenue and the other designated as Linden Avenue, were you or were you not closer to that intersection than the car which was coming on Linden Avenue and traveling in a northerly direction?" There was an objection to this question and the court suggested that the witness indicate on the blackboard the positions of the automobiles. "A. I was just about even with the sidewalk here (pointing). Q. As you indicate on the map? A. Yes, sir; when I first observed this other machine—this would be my car traveling in this direction here (pointing). Q. That is where you were when you first observed it? A. Yes, sir. Q. Your answer is that you were about even with the curb line; is that it? A. Just about. Q. And where, will you kindly indicate on the diagram, will you say the car of the defendant was at that time.. A. I would say it was probably two hundred feet. Q. Say about two hundred feet? A. He was. Q. Do you mean two hundred feet from the intersection? A. Yes, from the sidewalk line. Q. From the sidewalk line of what street? A. Of Linden Avenue—that must be Linden. Q. No, that is not Linden. A. Miller Avenue. Q. About two hundred feet from the sidewalk line of Miller Avenue, is that right? A. Just an approximate estimate."

Plaintiff testified that when he observed the defendant's automobile in the distance, plaintiff was traveling about fifteen miles an hour; that he proceeded along in the usual manner; that he traveled straight ahead until he saw the

defendant's automobile swing in front of him at a place indicated on the map before the trial court; that plaintiff's car had reached a point seven feet and one inch from the curb line of Linden Avenue when the collision occurred; that the rear of his car had passed the center of the crossing when the collision occurred.

[2] The above-quoted testimony is sufficient to support the findings made by the trial court, and it also indicates that the court had before it a map or diagram illustrating the testimony of the witness. This diagram not being before us, we must assume that it lent aid to the findings made by the court.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 17, 1924.