[Civ. No. 4697. First Appellate District, Division One.—March 26, 1925.]

## JULIUS S. GODEAU, Respondent, v. MORTON LEVY, Appellant.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—VIOLATION OF MOTOR VEHICLE ACT—CONTRIBUTORY NEGLIGENCE — EVIDENCE. — In an action for damages arising out of an automobile collision occurring at the intersection of two public streets, proof that plaintiff was traveling at a speed in excess of that authorized by the Motor Vehicle Act, standing alone, does not establish that he was guilty of contributory negligence, but it must further appear that such violation contributed proximately to the happening of the accident.

[2] ID.—EVIDENCE—CAUSE OF ACCIDENT—CONTRIBUTORY NEGLIGENCE. In this action for damages arising out of an automobile collision occurring at the intersection of two public streets, although the evidence showed that plaintiff's machine was traveling at a speed in excess of that authorized by section 22 of the Motor Vehicle Act, in view of the other evidence showing the excessive speed at which defendant approached the intersection, the course he trav-

eled, and the relative positions of the two machines as they approached the intersection, the trial court did not abuse its discretion in concluding that the collision was due solely to the negligent acts of defendant and that plaintiff was not guilty of contributory negligence.

[3] ID.—USE OF DIAGRAM — APPEAL—PRESUMPTION.—In such action, where witnesses to the accident illustrate their testimony before the trial court upon a diagram, but such diagram is not made part of the record on appeal, the appellate court must assume that the trial court, in reaching its conclusions as to the responsibility for the accident, was guided, to some extent at least, by the use of said diagram.

(1) 28 Cyc., p. 38, n. 27.    (2) 28 Cyc., p. 47, n. 20.    (3) 4 C. J., p. 737, n. 58.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

O'Brien & Murphy for Appellant.

Gus L. Baraty for Respondent.

KNIGHT, J.—Action for damages to property resulting from a collision between a motor ambulance belonging to plaintiff and defendant's automobile. The collision occurred shortly after 7 o'clock in the evening of April 30, 1921, at the intersection of Franklin and Fulton Streets, San Francisco. The action was tried by the court without a jury. Plaintiff was awarded judgment in the sum of $577.75. The defendant appeals.

The sole point made by appellant is that respondent's right of recovery is barred because of the alleged contributory negligence on the part of the driver of respondent's ambulance. In this connection it is contended that the evidence of respondent shows that said ambulance was traveling between fifteen and twenty miles an hour at said intersection in violation of section 22 of the state Motor Vehicle Act (Stats. 1919, p. 220), which limits the speed of automobiles, when approaching or traversing an intersecting highway, to fifteen miles an hour.

[1]   Assuming, however, that said ambulance was traveling at that rate of speed at that point, such fact alone would not constitute contributory negligence.   It is necessary that it further affirmatively appear that such violation contributed proximately to the happening of the accident.   The trial court found against appellant on that issue upon a state of facts from which, we think, the inference may be clearly drawn that the speed of the ambulance had nothing to do with the cause of the accident.

[2]   The substance of the evidence supporting the findings may be briefly stated as follows: The ambulance was being driven northerly along the easterly side of Franklin Street. As it approached the intersection of Fulton Street both the gong and the siren were sounded.   Appellant's automobile was traveling easterly down Fulton Street, and as it approached the intersection of Franklin Street was maintaining a speed estimated to be upward of thirty miles an hour. After the ambulance entered the intersection the driver thereof observed the fast approach of appellant's machine, which was then fifty or sixty feet westerly of the intersection and traveling a little to the left of the middle line of Fulton Street.   As the ambulance neared the center of the intersection appellant's machine apparently headed directly toward said ambulance, making it necessary for the ambulance driver, in order to avoid being struck, to change his course slightly to the right.   Appellant, being unable to prevent a collision by stopping his car, owing to the excessive rate of speed he was traveling, swung sharply to the left, as if to turn up Franklin Street, and in doing so his machine swerved, the right rear end thereof striking the left rear end of the ambulance, injuring the tail-light and fender of said ambulance and forcing it into an electric light pole, demolishing the radiator of the ambulance and quite generally wrecking the front end thereof.   Following the impact, appellant's machine continued on for about seventy-five feet across Franklin Street, finally being stopped in a lot on the northeast corner of said intersection.   It is apparent, we think, from the evidence above narrated, that the trial court did not abuse its discretion in concluding that the collision was due solely to the negligent acts of the appellant, and, therefore, the finding of the trial court upon the issue of contributory negligence must be sustained.   (*Gett* v. *Pa-*

*cific Gas & Electric Co.,* 192 Cal. 621 [221 Pac. 376] ; *Rodgerson* v. *LeBaron,* 58 Cal. App. 665 [209 Pac. 216] ; *Shank* v. *Blackburn,* 53 Cal. App. 620 [200 Pac. 762] ; *Breeze* v. *Brooks,* 97 Cal. 72 [22 L. R. A. 257, 31 Pac. 742].)

[3] Furthermore, witnesses to the accident illustrated their testimony before the trial court upon a diagram which has not been brought up with the record on appeal. It must be therefore assumed that the trial court, in reaching its conclusions as to the responsibility for the accident, was guided, to some extent at least, by the use of said diagram. (*Emerick* v. *Johnson,* 64 Cal. App. 460 [221 Pac. 675].)

The cases cited by appellant, are distinguishable from the one before us in that the circumstances of those accidents were such that, on appeal, it could be readily declared, as a matter of law, that the negligent acts relied upon as barring the right of recovery contributed proximately to the causes of the accidents and that no reasonable inference could be drawn to the contrary. Here the evidence presents a situation fully justifying the inference that the alleged negligent act of respondent's driver, if committed at all, did not contribute to the happening of the collision.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.