[S. F. No. 10654. In Bank.—June 23, 1925.]

## ABE RUSH, Appellant, v. GEORGE LAGOMARSINO, Respondent.

[1] NEGLIGENCE—AUTOMOBILE ACCIDENT—CONTRIBUTORY NEGLIGENCE— BURDEN OF PROOF—INSTRUCTIONS.—In an action for damages for personal injuries to plaintiff which were inflicted by an automobile owned and operated by defendant, it is error to instruct the jury that plaintiff cannot recover unless he affirmatively establishes that he was not guilty of contributory negligence, and that any fault or negligence on the part of plaintiff, no matter how slight or remote, which "in anywise" contributed to the accident, will warrant a verdict for defendant.

[2] ID. — CONTRIBUTORY NEGLIGENCE — AFFIRMATIVE DEFENSE — PROXIMATE CAUSE OF ACCIDENT.—In such action, the pleaded defense of contributory negligence is a defense to be affirmatively established by defendant by a preponderance of the evidence, unless such negligence is shown by or can be inferred from the evidence adduced in support of plaintiff's case; and whatever negligence there may have been on the part of plaintiff must, in order to prevent his recovery, have contributed directly or proximately to the accident,

---

2. Burden of proving or disproving contributory negligence, notes, 28 Am. Rep. 563; 39 Am. Rep. 511; 58 Am. Rep. 229; 10 Ann. Cas. 4. See, also, 20 R. C. L. 195; 19 Cal. Jur. 698.

and it is not necessary in order to entitle plaintiff to recover that he show that the accident occurred without his fault.

[3] ID.—NEGLIGENCE OF PLAINTIFF—WHEN DEFENDANT EXCULPATED.— In such an action, the negligent act or omission of the plaintiff which will exculpate the defendant from responding to the plaintiff in damages resulting from the plaintiff's negligent act or omission must be a contributing, proximate cause of the damage.

[4] ID.—USE OF PUBLIC HIGHWAYS—CORRELATIVE RIGHTS OF PEDESTRIANS AND AUTOMOBILE DRIVERS.—The right of drivers of automobiles to use public highways is not superior to that of the humblest pedestrian, and in the exercise of a common right to the use of the public highways all persons using the same must exert constant care and caution for the conservation of their correlative rights commensurate with the special hazard which is peculiar to and nowadays ever present in the use of public highways.

[5] ID. — RIGHT TO ASSUME ROAD CLEAR — KNOWLEDGE OF USE BY OTHERS.—The driver of an automobile has no right to assume that the road is clear, but under all circumstances and at all times he must anticipate the presence of others; and the fact that he did not know that anyone was on the highway is not excuse for conduct which would have amounted to recklessness if he had known that another vehicle or person was on the highway.

[6] ID.—DUTY TO KEEP LOOKOUT FOR OTHERS.—Even though the operator of an automobile may be rigidly within the law, he still remains bound to anticipate that he may meet persons at any point of the street and he must, in order to avoid the charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another person using proper care and caution, and if the situation requires he must slow up and stop.

[7] ID.—DUTY TO KEEP MACHINE UNDER CONTROL—ASSUMPTION THAT ROAD IS CLEAR—ERRONEOUS INSTRUCTION.—In an action for damages for personal injuries to plaintiff which were inflicted by an automobile owned and operated by defendant, an instruction which in effect declares that it is not a part of the duty of an operator of a motor vehicle to keep his machine always under control, or that it is his duty to keep it under control a part of the time; that

---

3. When contributory negligence does not bar recovery, notes, 30 Am. Rep. 190; 38 Am. Rep. 637. See, also, 20 R. C. L. 136; 19 Cal. Jur. 649.

4. Reciprocal duty of operator of automobile and pedestrian to use care, notes, 1 L. R. A. (N. S.) 215; 4 L. R. A. (N. S.) 1130; 20 L. R. A. (N. S.) 232; 24 L. R. A. (N. S.) 557; 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 990. See, also, 2 R. C. L. 1186; 3 Cal. Jur. 870.

he has a right to assume that the road is clear, and under no circumstances and at no time must he be vigilant, or anticipate, or expect the presence of others; and if he does not know that anyone else is on the highway he is excusable for conduct which would amount to recklessness if he did know that another was using it is not the law.

[8] ID.—MISLEADING INSTRUCTION—EFFECT OF SEPARATE CORRECT INSTRUCTION.—In such action, the trial court having instructed the jury that the defendant had a right to drive his automobile in the security of the assumption that the roadway was clear, the statement of the court elsewhere in its charge to the jury to the effect that it was generally the duty of drivers of automobiles to look out for foot-passengers can hardly be said to have sufficed to relieve the instruction in question of its misleading and its injurious effect upon the minds of the jury.

[9] ID.—KNOWLEDGE OF PLAINTIFF'S PRESENCE—SUDDEN APPEARANCE—DISREGARD OF MOTOR VEHICLE LAW—ERRONEOUS INSTRUCTION.—In such action, an instruction to the jury that "if you believe from the evidence in this case that the plaintiff suddenly appeared in the path of defendant's automobile, under circumstances where his sudden presence could not have been reasonably foreseen by the defendant, and that the defendant by the exercise of reasonable care could not have avoided the accident, your verdict in this case must be in favor of the defendant and against the plaintiff," is erroneous, in that it not only practically tells the jury that, regardless of whether or not the injuries to plaintiff were caused by the reckless, careless, and unlawful driving of defendant, he was not liable for plaintiff's injuries if he was not aware of plaintiff's presence until the automobile was almost upon him, but it ignores every condition and theory favorable to plaintiff's case, including the evidence which tends to show that the sudden appearance of plaintiff in front of defendant's automobile was caused by the defendant's disregard of the provisions of the Motor Vehicle Act.

[10] ID. — DIRECTED VERDICT — INCOMPLETE INSTRUCTION. — Where an instruction given in response to the issues presented and tried in effect conditionally directs a verdict for the defendant, such instruction should mention every condition necessary to the verdict.

[11] ID.—ISSUES—EVIDENCE—COMPLIANCE WITH MOTOR VEHICLE LAW —INSTRUCTIONS—OMITTED ELEMENTS.—In an action for damages for personal injuries to plaintiff which were inflicted by an automobile owned and operated by defendant, where the issue presented by the pleadings and the theory upon which the case is tried involve the elements of whether defendant, at the time and place of the accident, had at the front of his automobile two lighted lamps, whether defendant had thereon a horn and sounded it whenever necessary "as a warning of danger and not at other times, or for any other purpose," and whether he was driving his automobile "at

a rate of speed not to exceed fifteen miles per hour," all of which elements constitute negligence *per se,* it is prejudicial error for the trial court not to mention them in any one of the instructions given and which conditionally direct a verdict for the defendant.

[12] ID.—DUTY TO SOUND HORN—EVIDENCE—PROVINCE OF JURY—IN-STRUCTIONS.—In this action for damages for personal injuries to plaintiff which were inflicted by an automobile owned and operated by defendant, in view of the evidence showing that there were three automobiles parked on the side of the street at the point at which plaintiff attempted to cross and where pedestrians would be likely to cross, and that defendant was driving his automobile without lights at a speed of fifteen to sixteen miles per hour on a very dark morning and in a heavy rain over a wet and slippery street which was without lights, it was a matter for the jury to determine whether or not under all the circumstances it was necessary for defendant to sound his horn as a warning of danger; and the failure to submit that question to the jury, as requested by plaintiff, was error which doubtless redounded to the prejudice of plaintiff.

(1) 29 Cyc., p. 644, n. 43.   (2) 4 C. J., p. 1031, n. 31; 29 Cyc., p. 601, n. 60, p. 602, n. 61, p. 626, n. 26, p. 654, n. 32.   (3) 4 C. J., p. 1031, n. 32, 33; 28 Cyc., p. 49, n. 49; 29 Cyc., p. 526, n. 95; 38 Cyc., p. 1781, n. 77, p. 1782, n. 81.   (4) 28 Cyc., p. 28, n. 32, 33.   (5) 28 Cyc., p. 29, n. 35.   (6) 28 Cyc., p. 29, n. 35, 39, 40.   (7) 28 Cyc., p. 49, n. 49.   (8) 4 C. J., p. 1031, n. 32; 28 Cyc., p. 49, n. 49.   (9) 38 Cyc., p. 1632, n. 10.   (10) 38 Cyc., p. 1634, n. 13.   (11) 4 C. J., p. 1031, n. 31; 28 Cyc., p. 34, n. 84, 89, 90, 92, p. 37, n. 19.   (12) 28 Cyc., p. 49, n. 49.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. K. S. Mahon, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

J. Maxwell Peyser, Elliott M. Epsteen and Walter H. Linforth for Appellant.

Chickering & Gregory for Respondent.

LENNON, J.—This is an action for damages for personal injuries to the plaintiff which were inflicted by an automobile owned and operated by the defendant. The appeal is by the plaintiff from a judgment entered, upon the verdict of a jury, in favor of the defendant. The plaintiff's complaint

alleged that while plaintiff was walking on Market Street, in the city of San Francisco, at about 6:10 o'clock A. M. of the morning of the twenty-second day of December, 1921, the defendant operated and ran an automobile, owned by him, recklessly and carelessly, at an unlawful rate of speed and without lights thereon and without giving warning of its approach, and that by reason of such negligence the automobile struck and injured the plaintiff to his damage in the sum of fifty-two thousand five hundred dollars.

The defendant, answering plaintiff's complaint, did not deny that his automobile, while operated by him, struck and threw the plaintiff to the ground. The defendant did, however, deny that the automobile was driven recklessly or carelessly, or at any unlawful rate of speed, or without lights, or that defendant failed to give any warning of its approach, or that defendant was guilty of any carelessness whatsoever. The defendant's answer further denied that the plaintiff was lawfully walking upon the street at the time of the accident and, as an affirmative defense, alleged that the accident was caused by the negligence and carelessness of the plaintiff in negligently and carelessly crossing the street where the accident happened; in carelessly and negligently failing to observe the approach of the defendant's automobile; in carelessly and negligently placing himself within the path of the automobile; in carelessly and negligently failing to take any care for his own safety.

The only point urged in support of the appeal is the claimed error of the trial court in giving certain instructions of its own motion and refusing to give certain other instructions at the request of the plaintiff. It seems appropriate that a succinct statement of the evidence pertinent to the point presented should be made.

The evidence adduced in support of the plaintiff's case, substantially stated, is as follows: The plaintiff, as he testified, was a clerk in a cigar-store. On the morning of the accident, and just prior thereto, he had been to a near-by restaurant for breakfast. Shortly after 6 o'clock A. M. he left the restaurant. Arriving at the corner of Market and Brady Streets, he proceeded across Market Street toward his place of business, which was located at the corner of Gough and Market Streets. The morning was dark and stormy. It was raining heavily and the street was wet and

slippery. Before attempting to cross Market Street the plaintiff looked up that street toward Valencia Street for possible approaching vehicles and, not seeing any, he proceeded on his way; as he stepped from the curb and while walking across the street he again looked up the street. He saw no vehicle of any kind approaching, no automobile headlights were visible and no automobile horn was sounding. Just as he approached the south street-car track he was struck down by the defendant's automobile. The testimony of the plaintiff as above outlined is fully corroborated in all of its material and substantial details by the testimony of a witness for the plaintiff who witnessed the accident at a point about eighteen feet distant from where it occurred. This witness testified among other things that he saw the defendant's automobile a fraction of a second before it struck the plaintiff; that it was without any lights at all; that no warning horn was sounded; that the impact of the automobile threw the plaintiff a distance of twenty or twenty-five feet from the point where the collision occurred and that the defendant's automobile traversed a distance of fifty or sixty feet before stopping after it struck the plaintiff.

The defendant as a witness in his own behalf testified in substance that at the time of the accident he was riding in an open car. He turned from Valencia Street into Market Street. Thence he proceeded down Market Street between the curb and the first street-car track, that is to say, the south street-car track on Market Street. He maintained that position until the happening of the accident. At the time of the accident his lights were burning and he was driving at a speed estimated by him to be from fifteen to sixteen miles an hour. It was very dark and raining hard at the time of the accident. The defendant first saw the plaintiff just as the plaintiff stepped in front of his right headlight three or four feet in front of the defendant's automobile. At that time the plaintiff was walking rapidly. When plaintiff stepped in front of the defendant's car the plaintiff was looking north. He was not looking at defendant's automobile. The defendant threw on his emergency-brake and his foot-brake as fast as he could but there was no chance to avoid hitting the plaintiff. At the time of the accident there was no other traffic on the street. On seeing the plaintiff the defendant did not blow any horn or

sound any warning. The defendant did not see plaintiff as plaintiff stepped off the sidewalk. At the time of the accident the defendant was traveling in a straight line on Market Street toward the ferry building and there was nothing to obstruct his vision in front of him. Defendant had a straight path in front of him and could see seventy-five feet ahead. At the time of the accident there were three or four automobiles standing at the curb line. There were two automobiles near the corner and there was one a little farther down, near the curb. The defendant did not see plaintiff come out from the sidewalk. He saw him first in the middle of the street when plaintiff stepped in front of defendant's automobile. At the time of the accident it was 6 o'clock in the morning. The street lights were out. It was very dark and the defendant could not see a man coming out between any of the automobiles at the curb.

[1] The trial court, after correctly charging the jury as to the degree and burden of proof required of the plaintiff to establish his case, then proceeded to instruct the jury that "It must also appear to your satisfaction, that the plaintiff was without fault or negligence on his part which may in any wise have contributed to the accident."

The instruction thus given was manifestly erroneous because, in effect, it instructed the jury that the plaintiff could not recover unless he affirmatively established that he was not guilty of contributory negligence, and that any fault or negligence on the part of the plaintiff, no matter how slight or remote which "in anywise" contributed to the accident would warrant a verdict for the defendant. [2] The pleaded defense of contributory negligence was a defense to be affirmatively established by the defendant by a preponderance of the evidence unless such negligence is shown by or can be inferred from the evidence adduced in support of the plaintiff's case. Whatever negligence there may have been on the part of the plaintiff must, in order to prevent his recovery, have contributed directly or proximately to the accident and it was not necessary in order to entitle the plaintiff to recover that he should show that the accident occurred without his fault. (*Green* v. *Southern Pac. Co.,* 132 Cal. 254, 257 [64 Pac. 255]; *Schneider* v. *Market Street Ry. Co.,* 134 Cal. 482, 487 [66 Pac. 734]; *Zibble* v. *Southern Pac. Co.,* 160 Cal. 237, 241 [116 Pac. 513]; *Bidwell* v. *Los Angeles etc. Ry. Co.,* 169 Cal. 780, 783 [148 Pac. 197];

*Hall* v. *San Francisco,* 188 Cal. 641, 643 [206 Pac. 459];
*Howard* v. *Worthington,* 50 Cal. App. 556, 559 [195 Pac.
709].)

The evidence adduced in support of the plaintiff's case in
nowise carried any imputation of negligence on the part of
the plaintiff. On the contrary, it negatives even the sugges-
tion of any contributory negligence on his part. The court
nowhere instructed the jury that the burden of proving the
contributory negligence of the plaintiff was on the defend-
ant or that the plaintiff upon the showing of the negligence
of the defendant was entitled to recover unless the plain-
tiff's negligence as a proximate, contributing cause of the
accident was affirmatively shown. No instruction in any-
wise alleviating the error of the instruction above quoted was
given to the jury and the trial court refused, upon the re-
quest of the plaintiff, to give other instructions which, stand-
ing alone, or when read in conjunction with instructions
elsewhere given by the court, would have formulated a
clear, correct, and consistent statement of the law relative
to the rule covering and controlling the doctrine of contribu-
tory negligence.

The instruction in question having in effect charged the
jury that the plaintiff could not recover unless he had estab-
lished to the satisfaction of the jury that he was free from
contributory negligence placed a burden upon the plaintiff
not sanctioned by the law, and in view of the conflict of the
evidence adduced upon the entire case, the error of the in-
struction must have prejudiced the plaintiff and contributed
to the verdict found for the defendant.

The trial court further erred in the same instruction when
it charged the jury that any fault or negligence on the part
of the plaintiff "which *may in anywise* have contributed to
the accident" would preclude a recovery by the plaintiff.
The vice of this instruction is that it ignores the important
qualification that in order to defeat a recovery the negli-
gence of the plaintiff must have contributed proximately to
the injury. (*Fernandez* v. *Sacramento City Ry. Co.,* 52
Cal. 45.) The error of this instruction was accentuated
by the further charge of the trial court that "when the
negligence of the injured party contributed to the injury
complained of the law will afford no redress and if, there-
fore, you find in this case that plaintiff was negligent and
such negligence contributed to the injury complained of,

I instruct you that the plaintiff cannot recover against the defendant.'' **[3]** The negligent act or omission of a plaintiff which will exculpate a defendant from responding to the plaintiff in damages resulting from the plaintiff's negligent act or omission must be a contributing, proximate cause of the damages. (*Flynn* v. *San Francisco & S. J. R. R. Co.*, 40 Cal. 14, 19 [6 Am. Rep. 595]; *Basler* v. *Sacramento Gas & Elec. Co.*, 158 Cal. 514, 519 [Ann. Cas. 1912A, 642, 111 Pac. 530].) ''The formula is not that any degree of negligence on the part of the plaintiff which directly concurs in producing the injury will constitute a defense; but if the negligence of the plaintiff, which amounts to absence of ordinary care, shall contribute proximately to the injury, plaintiff shall not recover.'' (*Robinson* v. *Western Pacific R. R. Co.*, 48 Cal. 409, 422, 423; *Strong* v. *Sacramento & Placerville R. R. Co.*, 61 Cal. 326, 328.)

While it is true that the trial court prior to the giving of the instructions immediately under consideration gave a definition of contributory negligence which included the element of proximate cause, nevertheless the instructions complained of were so specifically and emphatically at variance with the requirements of the rule relating to contributory negligence that there is, we think, no escape from the conclusion that they must have confused and misled the jury to the prejudice of the plaintiff.

The trial court at the request of the defendant charged the jury that ''the operator of an automobile upon a street or public highway has a right to act upon the presumption that others thereon are exercising due care and will not negligently expose themselves to danger, and that they will attempt to avoid danger. I therefore instruct you that the defendant in this case had a right to assume that persons upon the street would exercise ordinary care and that they would not negligently expose themselves to danger and that they would exercise ordinary care to ascertain the approach of motor vehicles, and before you hold that the defendant was negligent in this case, you must take into consideration these assumptions which the defendant had a right to rely upon.''

Applied to the facts of this particular case the instruction last quoted was likely to mislead the jury. Coupled with the trial court's instruction previously given that the defend-

ant while operating his automobile was required to exercise only ordinary care, the last-quoted instruction practically told the jury that the defendant rightfully relying upon the assumption that pedestrians would take care of themselves, was exercising ordinary care even though he ignored or was not aware of the fact that a pedestrian was crossing the street. [4] The right of drivers of automobiles to use public highways is not superior to that of the humblest pedestrian and in the exercise of a common right to the use of the public highways all persons using the same must exert constant care and caution for the conservation of their correlative rights commensurate with the special hazard which is peculiar to and nowadays ever present in the use of public highways. [5] Accordingly the driver of an automobile "has no right to assume that the road is clear, but under all circumstances and at all times he must be vigilant and must anticipate the presence of others. . . . The fact that he did not know that any one was on the highway is no excuse for conduct which would have amounted to recklessness if he had known that another vehicle or person was on the highway." (*Meyers* v. *Bradford*, 54 Cal. App. 157, 159 [201 Pac. 471].) [6] Even though the operator of an automobile may be rigidly within the law, "he still remains bound to anticipate that he may meet persons at any point of the street and he must, in order to avoid the charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another person using proper care and caution and if the situation requires, he must slow up and stop." (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335, 340 [208 Pac. 125, 127].)

[7] The instruction immediately under consideration in effect declared the law to be that "it is not a part of the duty of an operator of a motor vehicle to keep his machine always under control, or that it is his duty to keep it under control only a part of the time; that he has a right to assume that the road is clear, and under no circumstances and at no time must he be vigilant, or anticipate, or expect the presence of others; and if he does not know that anyone else is on the highway he is excusable for conduct which would amount to recklessness if he did know that another was using it." Of course such is not the law. (*Meyers* v. *Bradford, supra.*)

[8] Having instructed the jury that the defendant had a right to drive his automobile in the security of the assumption that the roadway was clear, the statement of the court elsewhere in its charge to the jury to the effect that it was generally the duty of drivers of automobiles to look out for foot-passengers can hardly be said to have sufficed to relieve the instruction in question of its misleading and its injurious effect upon the minds of the jury.

[9] The trial court instructed the jury "if you believe from the evidence in this case that the plaintiff suddenly appeared in the path of defendant's automobile, under circumstances where his sudden presence could not have been reasonably foreseen by the defendant, and that the defendant by the exercise of reasonable care could not have avoided the accident, your verdict in this case must be in favor of the defendant and against the plaintiff." This instruction ignores all reference to the question of whether or not the situation therein referred to was brought about by any negligence of the plaintiff or was due wholly to the negligence of the defendant and in effect tells the jury that the mere fact that if the defendant was suddenly confronted with a situation demanding immediate action, and "in the excitement he decided to do and did do what seemed best at the time," then the defendant was not liable. In other words, the jury was practically told that regardless of whether or not the injuries of the plaintiff were caused by the reckless, careless, and unlawful driving of the defendant he was not liable for plaintiff's injuries, if he was not aware of plaintiff's presence until the automobile was almost upon him.

Moreover, this instruction ignores every condition and theory favorable to the plaintiff's case, including the evidence which tends to show that the sudden appearance of plaintiff in front of defendant's automobile was caused by the defendant's disregard of the provisions of the Motor Vehicle Act. In effect the court by the instruction last referred to told the jury that without regard to any question as to whether or not the defendant may have been driving his automobile recklessly and carelessly and without a light or warning of any kind, and by reason thereof the plaintiff while crossing the street without knowledge or reason to expect the approach of the defendant's automobile

was suddenly confronted by defendant's automobile, the defendant was entitled to a verdict if the defendant did his best to avoid the accident, after such situation was brought about by defendant, and when it may have been too late to avoid injuring the plaintiff.

[10] A review of the several instructions which the trial court gave in response to the issues presented and tried shows that each in effect conditionally directed a verdict for the defendant. When such is the effect of an instruction the instruction should mention every condition necessary to the verdict. (*Pierce* v. *United Gas & Electric Co.*, 161 Cal. 176, 184 [118 Pac. 700].) [11] Under the general laws it was the duty of the defendant, at the time and place of the accident, to have at the front of his automobile two lighted lamps (Stats. 1919, p. 206, sec. 13] ; to have thereon a horn and to sound it whenever necessary "as a warning of danger but not at other times, or for any other purpose" (Stats. 1915, p. 405, sec. 12) ; and it was his duty to drive the automobile at a rate of speed not to exceed fifteen miles per hour. (Stats. 1919, p. 220, sec. 22.) If anyone of these provisions of the statute was violated by the defendant at the time mentioned such violation became negligence *per se*. (*Stein* v. *United Railroads*, 159 Cal. 368 [113 Pac. 663].) While the issue presented by the pleadings and the theory upon which the case was tried involved the elements above enumerated which constituted negligence *per se,* the trial court failed to mention them in any one of the instructions complained of. Admittedly the presence of lights or no lights and the rate of speed at which the automobile was being driven were, under the evidence adduced upon the entire case, matters of much importance and the omission of all mention thereof in the particular instructions now under consideration was prejudicial error.

[12] The trial court refused the plaintiff's request to instruct the jury as follows: "Under the California Motor Vehicle Act, as amended in 1919, sec. 12 [Stats. 1915, p. 405, sec. 12], every motor vehicle shall be equipped with bell, gong, horn, whistle, or other device, in good working order, capable of emitting an abrupt sound adequate in quality and volume to give warning of the approach of such vehicle to pedestrians, and to the riders or drivers of trains, and to the riders or drivers of animals or of other vehicles, and to

persons entering or leaving the street, interurban or railroad cars. Every person operating a motor vehicle shall sound bell, gong, horn, whistle, or other device, whenever necessary as a warning of danger, but not at other times or for any other purpose.'' Under the issues and evidence presented in this case we are of the opinion that it was error for the trial court to refuse the above-quoted instruction. While it may be true, as defendant contends, that when he saw the plaintiff it would have been useless to have sounded his horn as a warning because in all probability it was then too late to avoid the accident, and that, therefore, the failure to give the requested instruction was not prejudicial error, nevertheless the statute provides that ''whenever necessary'' a warning of approaching danger shall be sounded by every person operating an automobile. Keeping in mind the facts, as were shown in evidence, that there were three automobiles parked on the side of the street at the point at which the plaintiff attempted to cross the street and where pedestrians would be likely to cross, that the defendant was driving his automobile without lights at a speed of fifteen to sixteen miles per hour on a very dark morning and in a heavy rain over a wet and slippery street which was without lights, it was certainly a matter for the jury to determine whether or not under all the circumstances it was necessary for the defendant to sound his horn as a warning of danger, and the failure to submit that question to the jury as requested was error which doubtless redounded to the prejudice of the plaintiff.

Judgment is reversed.

Richards, J., Shenk, J., Waste, J., Seawell, J., Lawlor, J., and Myers, C. J., concurred.