[Civ. No. 5666. First Appellate District, Division One.—June 8, 1927.]

ETHEL TRUITNER, Respondent, v. CHARLES M. KNIGHT et al., Defendants; CLIFFORD TRUITNER, Appellant.

[1] Negligence—Collision of Automobiles—Highways—Personal Injuries Sustained by Guest—Sufficiency of Evidence—Appeal.—In this action for damages for personal injuries sustained by plaintiff while riding in an automobile as a guest resulting from a collision between said automobile and another automobile at a highway intersection, it was the exclusive province of the trial court, sitting without a jury, to pass on the contention that certain written statements of witnesses concerning the accident tended to contradict their testimony and rendered such testimony unworthy of belief, since such contention related purely to the credibility of the witnesses, and the weight, effect, and probative force to be given their testimony; and the court having accepted such testimony as true, despite the contents of the written statements, its decision cannot be disturbed on appeal.

(1) 4 C. J., p. 879, n. 88; 38 Cyc., p. 1945, n. 32.

APPEAL from a judgment of the Superior Court of Fresno County. C. E. Beaumont, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ford, Johnson & Bourquin and Carling & Cummings for Appellant.

G. L. Aynesworth for Respondent.

KNIGHT, J.—The plaintiff, Ethel Truitner, brought this action to recover damages on account of personal injuries sustained by her while riding as a guest in an automobile owned and driven by her brother, the defendant Truitner, which automobile collided with one being driven by the defendant Knight at the intersection of Clovis and Adams Avenues in the county of Fresno. The action was tried by the court sitting without a jury, the court finding that

---

1. See 27 Cal. Jur. 186; 28 R. C. L. 657.

the collision was proximately caused by the concurrent negligence of the drivers of the two automobiles, Truitner and Knight; and judgment was rendered against them in the sum of three hundred dollars, from which judgment the defendant Truitner alone has appealed. Insufficiency of evidence is the only point raised.

This was the second action for damages growing out of the same accident, the first being one entitled *J. L. Truitner and Alice Truitner, Plaintiffs, vs. Charles M. Knight, H. K. Mahakian and Clifford Truitner, Defendants, ante,* p. 655 [257 Pac. 447], which was tried before a jury, resulting in a verdict and judgment in favor of the plaintiffs therein and against the defendants Knight and Truitner, the action as to the defendant Mahakian having been dismissed. The defendant Truitner appealed, and the judgment therein has been this day affirmed (*Truitner* v. *Knight and Truitner, ante,* p. 655 [257 Pac. 447]). The evidence in that case upon all material issues was substantially the same as that upon which the findings and judgment in the instant action are founded, and, like the present case, the appeal was taken upon the sole ground of the insufficiency of the evidence. The essential facts relating to the accident are set forth in the decision rendered on that appeal, and since the points raised in the instant case are discussed and decided in that decision, it will be unnecessary to discuss them again here.

[1] The only additional point made in the present case relates to certain written statements concerning the accident, which were prepared shortly after it occurred by an agent of the insurance carrier for the appellant Truitner, and signed respectively by respondent and appellant, by which counsel for appellant sought to impeach respondent and appellant as witnesses, and to prove a material contradiction in their testimony. No claim is made that the trial court erred in ruling upon the admissibility of any part of this evidence, it being contended merely that said written statements tend to show that the testimony given by said witnesses during the trial is unworthy of belief. This contention relates purely to the matter of the credibility of the witnesses, and the weight, effect, and probative force which shall be given to their testimony, and, consequently, presents a question of fact which was exclusively within the province

of the trial court to determine; and it having accepted as true the testimony of said witnesses given during the trial, despite the contents of said written statements, its decision thereon cannot be disturbed on appeal.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.