[Civ. No. 5665. First Appellate District, Division One.—June 8, 1927.]

## J. L. TRUITNER et al., Respondents, v. CHARLES M. KNIGHT et al., Defendants; CLIFFORD TRUITNER, Appellant.

[1] NEGLIGENCE—CONCURRENT NEGLIGENCE—APPEAL BY ONE DEFENDANT—EVIDENCE.—In an action for damages for personal injuries, where the jury found a concurrence of negligence on the part of both defendants, it is only necessary on appeal by one defendant, who urges insufficiency of the evidence to sustain the verdict against him, to ascertain whether there is sufficient evidence to support the finding that he was guilty of such negligence as proximately contributed to the accident, for, if there is, he is liable regardless of whether his co-defendant was also negligent.

[2] APPEAL—CREDIBILITY OF WITNESSES—EVIDENCE.—Where there is a substantial conflict in the testimony, it is for the jury to judge the credibility of witnesses, and the weight, effect, and probative force to be given their testimony.

[3] ID.—CONSTRUCTION OF EVIDENCE—SUPPORT OF VERDICT.—The appellate court must construe the evidence so as to support the verdict, if it may do so reasonably; that is to say, to accept as true such evidence as tends to sustain the verdict, unless it be inherently incredible, and to reject as untrue those portions which conflict therewith.

[4] NEGLIGENCE—COLLISION OF AUTOMOBILES—HIGHWAYS—SPEED—EVIDENCE—FINDINGS.—In this action for damages for personal injuries sustained by an occupant of an automobile in a collision with another automobile at a highway intersection, evidence which showed that the driver of the car in which plaintiff was riding approached and attempted to cross said intersection at a speed in excess of that allowed by section 113 (b), subdivision 2, of the Motor Vehicle Act (Stats. 1923, p. 517), was sufficient to support the jury's finding that he was negligent.

[5] ID.—CROSSING AT HIGHWAY INTERSECTION—CARE—SPEED—MOTOR VEHICLE ACT.—If the driver in attempting to cross a highway intersection, when his view is obstructed, fails under the circumstances to drive at a careful and prudent speed, not greater than

4. See 3 Cal. Jur. 905.

5. Effect of speed and application of speed regulations on liability for collision between automobile at or near corner of streets or highways, note, L. R. A. 1916A, 747.

is reasonable and proper, having due regard for the traffic, surface, and width of the highway, and at such a speed as not to endanger the life, limb, or property of any person, as required by section 113 (a) of the Motor Vehicle Act (Stats. 1923, p. 517), he is guilty of negligence, though he does not exceed the speed limit of fifteen miles per hour prescribed by section 113 (b), subdivision 2, and whether he was driving in such a manner is a question for the jury.

[6] ID. — FAILURE TO KEEP LOOKOUT FOR APPROACHING VEHICLES — SPEED—EVIDENCE.—In this action for damages for personal injuries sustained by an occupant of an automobile in a collision with another automobile at a highway intersection, evidence that the driver of one automobile failed to keep a lookout for passing automobiles at the intersection, as required by section 113 (a) of the Motor Vehicle Act (Stats. 1923, p. 517), was sufficient to sustain the jury's finding that he was guilty of negligence, even though he did not exceed the speed permitted by section 113 (b), subdivision 2.

[7] ID.—WITNESSES—ILLUSTRATING TESTIMONY—USE OF BLACKBOARD —RECORD—APPEAL.—In such action, it must be assumed by the appellate court that the jury was aided in arriving at its conclusion that the automobile driver was negligent by blackboard diagrams and drawings which were used by witnesses in illustrating their testimony before the jury, and which could not be made a part of the record.

[8] ID.—HIGHWAYS—SPEED AT INTERSECTION—RIGHT OF WAY—MOTOR VEHICLE ACT.—Section 131 of the Motor Vehicle Act (Stats. 1923, p. 517), which provides that a vehicle entering an intersection of public highways at a lawful speed shall have the right of way over a vehicle approaching from its left, unless the latter first enters the intersection, by its terms, applies only to a vehicle traveling at a lawful rate of speed.

[9] ID.—HIGHWAYS — APPROACHING INTERSECTION—SPEED—CARE.—An automobile driver, who was himself negligent in approaching a highway intersection, may not escape liability for a collision on the ground that he relied on the presumption that another automobile driver approaching the intersection from his left would exercise due care in doing so.

[10] ID.—PARTIES — FAMILY RELATIONSHIP — WITNESSES—EVIDENCE— VERDICT.—The family relationship to each other of the parties

---

7. See 3 Cal. Jur. 949.

8. Right of way at street or highway intersection, note, 21 A. L. R. 974.

9. See 3 Cal. Jur. 903.

10. See 27 Cal. Jur. 186; 28 R. C. L. 657.

to the action, by whose testimony some of the facts supporting the verdict were established, and their motives in giving such testimony, are matters exclusively within the province of the jury to consider in passing upon their credibility and veracity.

[11] ID.—VIOLATION OF STATUTE—PROXIMATE CAUSE.—Violation of a statutory regulation constituting negligence does not create a liability unless such negligence is the proximate cause of the accident.

[12] ID.—AUTOMOBILES—COLLISION AT HIGHWAY INTERSECTION—CONCURRENT NEGLIGENCE—PROXIMATE CAUSE—EVIDENCE—VERDICT.—In this action for damages for personal injuries sustained by the occupant of an automobile in a collision with another automobile at a highway intersection, the evidence was sufficient to sustain the jury's finding that the negligence of the driver of one of the automobiles in approaching and attempting to cross the intersection at an excessive rate of speed, without looking either way for vehicles traveling along the intersecting highway, concurring with the negligence of the driver of the automobile approaching on the intersecting highway, was the proximate cause of the collision.

---

(1) 42 C. J., p. 887, n. 74; 29 Cyc., p. 497, n. 76.   (2, 3) 4 C. J., p. 773, n. 2; 38 Cyc., p. 1518, n. 69, p. 1537, n. 45.   (4) 42 C. J., p. 1233, n. 27, p. 1235, n. 32.   (5) 42 C. J., p. 969, n. 17, p. 1245, n. 22.   (6) 42 C. J., p. 1236, n. 34.   (7) 4 C. J., p. 771, n. 71. (8) 42 C. J., p. 979, n. 40.   (9) 42 C. J., p. 982, n. 68.   (10) 38 Cyc., p. 1520, n. 71.   (11) 29 Cyc., p. 439, n. 74.   (12) 42 C. J., p. 1237, n. 43.

APPEAL from a judgment of the Superior Court of Fresno County. C. E. Beaumont, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ford, Johnson & Bourquin and Carling & Cummings for Appellant.

G. L. Aynesworth for Respondents.

KNIGHT, J.—About 5:30 o'clock on the afternoon of September 20, 1925, two automobiles driven respectively

---

11. Violation of speed limits by automobile as negligence, note, 25 L. R. A. (N. S.) 40. See, also, 3 Cal. Jur. 839, 927; 2 R. C. L. 1191.

by the defendants Clifford Truitner and Charles M. Knight collided at the intersection of Clovis and Adams Avenues in the county of Fresno, resulting in personal injuries to three of the occupants of Truitner's automobile, one of whom was his mother, Alice Truitner, who later brought this action for damages, being joined therein by her husband. The drivers of said automobile and H. K. Mahakian, the owner of the one Knight was driving, were made parties defendant, but as to Mahakian, who was not present at the time of the collision, the action was subsequently dismissed. The trial was had before a jury, and a verdict rendered against the remaining defendants Truitner and Knight in the sum of $4,000. From the judgment entered upon said verdict the defendant Truitner alone has appealed.

[1] The single ground urged for reversal is insufficiency of the evidence to sustain the verdict against appellant, it being contended with reference thereto that, taken as a whole, the evidence proves that the collision resulted from the sole negligence of the defendant Knight, and on the other hand shows that appellant, while operating his car, exercised due care. The jury having found a concurrence of negligence on the part of both drivers, it will be necessary only, so far as the determination of this appeal is concerned, to ascertain whether there is sufficient evidence to support the finding of the jury that appellant was guilty of such negligence as proximately contributed to the accident, for, if there is, he is liable regardless of what the evidence may show as to the conduct of his co-defendant Knight.

Adams and Clovis Avenues are about 60 feet wide, and intersect at right angles. In the center of each there is a strip of oiled road 10 or 12 feet in width. Knight, in approaching said intersection, was driving westward along the oiled portion of Adams Avenue, accompanied by a man named Aharonian. Truitner was traveling toward said intersection in a southerly direction on Clovis Avenue, the occupants of his automobile being a young lady friend who sat beside him on the front seat, his mother, the plaintiff Alice Truitner, and his two sisters, Rose and Ethel Truitner, the three last named being seated on the rear seat. The land lying between the lines of the right angle defining the boundaries of the two avenues along which Truitner and Knight were traveling was planted to vineyard, the vines

at the time being five or six feet high and more or less obstructing the view from one avenue to the other, although in driving along one avenue and looking across the vines it was possible to see the top of an automobile traveling along the other. The testimony given by Knight and Aharonian was to the effect that when they reached a point somewhere between 50 and 150 feet eastward of the intersection, at which time they were traveling between 20 and 25 miles an hour, they looked across the vineyard and saw the top of the Truitner automobile, which was then 150 or 200 feet northerly of the intersection, traveling toward the intersection at a speed of 25 or 30 miles an hour; that as they neared the corner they saw Truitner's automobile coming on toward the intersection with undiminished speed, and thereupon Knight sounded his horn, applied the brakes, and stopped his automobile at the intersection of the oiled portion of the avenues, but that Truitner, not observing their automobile until it was too late to avoid a collision by stopping, endeavored to pass in front of them, with the result that the side of Truitner's machine, close to the rear end, collided with the front end of the Knight machine, turning the latter machine around and smashing the left rear end of Truitner's automobile. Truitner testified that as he neared the intersection he slowed down to a speed of between 15 and 20 miles an hour, but being engaged in conversation with his young lady companion did not look for approaching vehicles on Adams Avenue, and that when the front wheel of his automobile reached the oiled portion of the intersection he observed for the first time the Knight machine, which was then some 20 or 25 feet distant, traveling, as he estimated, at a speed of 30 or 40 miles an hour; that thereupon, in order to get out of the way, he "put on the gas," but was unable to avoid being struck by the Knight machine. The impact hurled Truitner's sisters from the machine to the ground, a distance of some 5 or 10 feet, both sustaining injuries. Mrs. Truitner, appellant's mother, although not thrown from the machine, was severely injured, having suffered two fractures of the pelvis and severe contusions of the lumbar regions of the back, and also bruises about the body, confining her in bed for a period of about eight weeks and preventing her thereafter from

operating a grocery store which she had previously conducted.

Subdivision 2 of section 113 (b) of the Motor Vehicle Act (Stats. 1923, p. 517) provides in effect that it shall be unlawful for a driver of an automobile to drive the same at a speed exceeding "Fifteen miles an hour in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last one hundred feet of his approach to such intersection he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the highways entering such intersection for a distance of two hundred feet from such intersection." It is apparent from the evidence hereinabove set forth that a substantial conflict exists between the testimony of appellant and that of the occupants of the Knight car as to the rate of speed appellant approached and attempted to cross said intersection. [2, 3] Where such conflict exists it is for the jury to judge the credibility of the witnesses, and the weight, effect, and probative force to be given their testimony (*Hanton* v. *Pacific Electric Ry. Co.*, 178 Cal. 616 [174 Pac. 61]), the duty of the reviewing court on appeal being to construe the evidence so as to support the verdict, if it may be done so reasonably; that is to say, to accept as true such evidence as tending to sustain the verdict, unless it be inherently incredible, and to reject as untrue those portions which conflict therewith (*Neher* v. *Kauffman*, 197 Cal. 674 [242 Pac. 713]). [4] Applying the foregoing rules to the evidence before us, it is evident that the testimony given by the occupants of the Knight car is legally sufficient to support the conclusion reached by the jury that appellant was negligent, for it shows that appellant approached and attempted to cross said intersection at an undiminished rate of speed exceeding that allowed by the provisions of said Motor Vehicle Act hereinabove cited. [5] Assuming, however, as appellant claims, that he was driving approximately within the speed limit when he attempted to cross said intersection, it was still a question of fact for the jury to determine whether under all of the circumstances present he was at that time driving his automobile, as is required by the provisions of section 113 (a) of said Motor Vehicle Act, at a careful and prudent

speed not greater than was reasonable and proper, having due regard for the traffic, surface, and width of the highway, and at such a speed as not to endanger the life, limb, or property of any person; for if he was not, he was guilty of negligence even though he was not exceeding the statutory limit of 15 miles an hour. (*Garns* v. *Halpern,* 193 Cal. 193 [223 Pac. 545]; *Cook* v. *Miller,* 175 Cal. 497 [166 Pac. 316].)

Regarding the provision of the Motor Vehicle Act just referred to, it was said in *Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335 [208 Pac. 125]: "This is but a reiteration of the rule, in statutory form, which has always been in force without regard to a statutory promulgation to the effect that drivers or operators of vehicles, and more particularly motor vehicles, must be specially watchful in anticipation of the presence of others at places where other vehicles are constantly passing. . . . " And in *Rush* v. *Lagomarsino,* 196 Cal. 308 [237 Pac. 1066], in quoting from the case of *Meyers* v. *Bradford,* 54 Cal. App. 157 [201 Pac. 471], the court said: "Accordingly the driver of an automobile 'has no right to assume that the road is clear, but under all circumstances and at all times he must be vigilant and must anticipate the presence of others. . . . The fact that he did not know that anyone was on the highway is no excuse for conduct which would have amounted to recklessness if he had known that another vehicle or person was on the highway.' "

[6] The evidence here shows without contradiction that in approaching and attempting to cross said intersection appellant failed to look either way for approaching vehicles on Adams Avenue, his attention being occupied at that time in conversing with the young lady seated beside him; and, consequently, he proceeded as far as the oiled portion of said intersection before he observed the presence of the Knight machine, which, according to the testimony of the occupants thereof, had already reached the intersection and stopped, but appellant having failed to see it until it was too late to avoid a collision by stopping, attempted to pass in front of it, with the result already described. Therefore, even though appellant was within the law, so far as speed was concerned, his neglect to keep a lookout for passing automobiles at the intersection was sufficient of

itself to justify the jury in concluding that he was guilty of negligence. (*Meyers* v. *Bradford, supra; Rush* v. *Lagomarsino, supra.*) [7] Moreover, it must be assumed that in addition to the foregoing evidence the jury was aided in arriving at its conclusion that appellant was negligent by the blackboard diagrams and drawings which necessarily could not be made a part of the record on appeal, but which were used by the witnesses in illustrating their testimony before the jury. (*Emerick* v. *Johnson,* 64 Cal. App. 460 [221 Pac. 675]; *Godeau* v. *Levy,* 72 Cal. App. 13 [236 Pac. 354].)

[8] Appellant contends that the evidence shows that the two automobiles were approximately the same distance from the intersection when the occupants of the Knight car saw appellant's car approaching the intersection ''from the right,'' and that therefore under the provisions of section 131 of said Motor Vehicle Act appellant's car had the right of way. There seems to be a conflict of evidence upon this point, testimony having been given to the effect that Knight's car was first to enter the intersection. However that may be, it is evident that the provisions of said section 131 are not available to appellant for the reason that the terms thereof limit the application of its provisions to a vehicle ''traveling at a lawful rate of speed,'' and the evidence adduced here on the part of respondents shows, as already pointed out, that appellant approached and attempted to cross said intersection at an unlawful rate of speed.

[9] Further contention is made by appellant that he had a right reasonably to presume that anyone approaching the intersection from his left would exercise due care in doing so; and that inasmuch as the driver of Knight's car failed to do so, appellant is relieved from responsibility for the accident. It has been held, however, that reliance upon the presumption mentioned does not excuse one who himself is negligent (*Carroll* v. *Central Counties Gas Co.,* 74 Cal. App. 303 [240 Pac. 53]; *Wiley* v. *Cole,* 67 Cal. App. 672 [228 Pac. 550]; *McPherson* v. *Walling,* 58 Cal. App. 563 [209 Pac. 209]); and, therefore, since appellant was found to be negligent, he is precluded from claiming the benefit of such presumption.

[10] Counsel for appellant in their brief comment upon the relationship to each other of the parties by whose testimony some of the facts supporting the verdict were established, and they question the motives of those witnesses in giving such testimony. All of these matters were exclusively within the province of the jury to consider in passing upon the credibility and veracity of the witnesses; and the jury having accepted their testimony as true and acted upon it, and there being nothing upon the face of the testimony to show that it is inherently improbable, it is beyond the power of this court on appeal to interfere with the discretion exercised by the jury with respect thereto.

[11] A number of cases have been cited by appellant holding in effect that a violation of a statutory regulation constituting negligence does not create a liability unless such negligence is the proximate cause of the accident. The rule stated is elementary and cannot be questioned, [12] but the evidence hereinabove set forth fully and fairly supports the inference which the jury drew therefrom that the negligence of appellant in approaching and attempting to cross said intersection at an excessive rate of speed, without looking either way for vehicles traveling along the intersecting highway, concurring with the negligence of the defendant Knight, was the proximate cause of the collision (*Berges* v. *Guthrie*, 51 Cal. App. 547 [197 Pac. 356]).

For the reasons hereinabove stated, the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.