[Civ. No. 7287. First Appellate District, Division Two.—December 2, 1930.]

JULIUS L. FARUM, Respondent, v. V. G. GARRISON et al., Appellants.

Owen D. Richardson and Donald B. Richardson for Appellants.

Maurice J. Rankin and S. F. Holstein for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover a judgment for damages arising out of an automobile accident. The defendants answered and a trial was had before the trial court sitting with a jury. The verdict was for the defendants. The plaintiff made a motion for a new trial. The motion was granted and the defendants have appealed under section 953a of the Code of Civil Procedure.

In their first point the defendants claim that the evidence was clearly insufficient to support a verdict for the plaintiff because it showed that the plaintiff's negligence was a contributory cause of the injuries sustained by him. The accident happened at the intersection of two cross-roads in a district where the speed limit was 20 miles per hour. As the plaintiff was approaching the crossing from the east he saw the defendants' car 100 or 150 feet south of the intersection. Plaintiff slowed down to 15 miles per hour and entered the intersection at that speed. He had his lights on, but it was just breaking day. As the plaintiff passed the curb line the other car was 20 or 30 feet south of the car tracks. He testified that he figured he had the right of way *and took his eyes off of their car at that time.* Having set forth the above portions of the record the defendants assert that the plaintiff's said negligence consisted of not keeping continuous watch on the movements of the defendants' car. He cites and relies on *Towne* v. *Godeau,* 70 Cal. App. 148, 153 [232 Pac. 1010]; *Truitner* v. *Knight,* 83 Cal. App. 655, 661, 662 [257 Pac. 447]; Cal. Jur., 1928 Supp., Automobiles, pp. 135, 136, and cases. If it is his contention that after the plaintiff saw the

position of the defendants' car he was bound to keep looking at it and not to look at, nor to look out for, other dangers, if any, the authorities cited do not support him. The plaintiff was not entitled to assume the road was unoccupied. (*Rush* v. *Lagomarsino*, 196 Cal. 308 [237 Pac. 1066].) For the same reason he was not entitled to assume that there was no one else except the defendants traveling the road. We cannot say as a matter of law that the plaintiff was guilty of contributory negligence if he failed to keep a continuous watch on the movements of defendants' car after seeing their car at the point indicated.

In their next point the defendants argue that the evidence showed that they were not negligent. True, it is that they so testified. But it is also true that the plaintiff's evidence given on that subject was quite to the contrary. In this connection the physical facts should also be taken into consideration and no doubt the trial court gave them the consideration to which they were entitled.

The sufficiency of the evidence being a question of fact which the trial court was authorized to review, the exercise of its discretion was not error of law which may be disturbed by this court except this court is able to say that the trial court abused its discretion. (20 Cal. Jur. 114.) That it did abuse its discretion we are unable to say.

The order is affirmed.

Nourse, P. J., and Spence, J., concurred.