[Civ. No. 7965. Second Appellate District, Division Two.—July 22, 1933.]

MARCELINE RICE, Appellant, v. RUPERT L. SMITH et al., Respondents.

Joseph L. Fainer and David Tannenbaum for Appellant.

Lon A. Brooks for Respondents.

CRAIG, J.—In an action for damages arising from the impact of automobiles at an intersection of public thoroughfares, a verdict and judgment were rendered in favor of the defendants, from which the plaintiff appealed.

The appellant was a passenger in one of the vehicles of the respondent taxi service, which while proceeding westerly was struck by a car driven southerly into the intersection and to the left toward the east while said taxi was crossing the same. Each was maintaining about the same speed of twenty miles an hour; the respondent driver, Thompson, had

advanced to the northwesterly section of the crossing, and was not aware of the other's intended turn until the impact of the latter's left front fender with his left rear fender. The statutes provide, and the jury were instructed, that a vehicle must be driven on public highways at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, nor at such a speed as to endanger life, limb or property; that the authorized speed is fifteen miles an hour in traversing a grade crossing or intersection when the driver's view is obstructed, and in a business district, and twenty miles an hour in a residence district; and that the burden rested upon the plaintiff to establish by a preponderance of evidence that the defendants were negligent, and that their negligence was the proximate cause of injury. The jury were informed further that the primary duty of said service was to employ a competent driver, and that it was the duty of such driver to exercise with respect to the safety of passengers the highest degree of care. ■ Insufficiency of the evidence is the only ground upon which a reversal is sought by the appellant. It appeared that the driver of the south-bound automobile suddenly and without warning turned to the left and against the taxicab while the latter was traveling at a rate of speed which the jury may have deemed reasonable and proper under the instructions of the trial court. A judgment will be reversed where the evidence shows that a party in whose favor it was rendered so far violated the standard of conduct required that an appellate court may say as a matter of law that he was negligent and that such negligence constituted the proximate cause of injury. (*Arnold* v. *San Francisco-Oakland T. Rys.*, 175 Cal. 1 [164 Pac. 798].) The question of contributory negligence is not involved. Nor is it contended that the driver of the taxicab disregarded any duty prescribed by law or by the instructions with respect to the safety of his passenger, which a reasonable and prudent person would or could have exercised in like circumstances. The speed of his car was not shown to have had any direct connection with, nor to have been responsible for, the accident.

■ An appeal was also taken from the order denying a motion for a new trial. This ruling is not an appealable order. Matters *aliunde* the record are argued in the appel-

lant's briefs, and also attack the expediency of the denying of such a motion. With these questions we are not concerned upon appeal, nor does the record as presented require that the verdict and judgment be disturbed. (*Goldeau* v. *Levy,* 72 Cal. App. 13 [236 Pac. 354]; *Flores* v. *Fitzgerald,* 204 Cal. 374 [268 Pac. 369].)

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Works, P. J., and Archbald, J., *pro tem.,* concurred.