[No. 19558. Department One.—July 25, 1895.]

## JULIUS KOEBIG, APPELLANT, v. SOUTHERN PACIFIC COMPANY ET AL., RESPONDENTS.

NEGLIGENCE—LOSS OF PROPERTY—VERDICT AGAINST LAW AND EVIDENCE—ADMISSIONS OF DEFENDANTS.—In an action for damages for the destruction of property swept away during high water, by reason of the alleged faulty and negligent construction of a railroad bridge maintained by the defendants, where the defendants admitted upon the trial the value and quantity of the property lost by the plaintiff, in accordance with the claim made in the complaint, and supported by the uncontradicted evidence of a witness for the plaintiff, and the court instructed the jury

that the property described in the complaint as having been destroyed was of the value stated in the complaint, and that, if they found that the property was destroyed in the manner and under the circumstances stated in the complaint, it would be their duty to render a verdict for the value thereof, a verdict for the plaintiff of a much less amount of damages should be set aside as unsupported by the evidence and contrary to law.

APPEAL from a judgment of the Superior Court of Los Angeles County.   WALDO M. YORK, Judge.

The facts are stated in the opinion of the court.

*E. S. Pillsbury, White & Monroe,* for Appellant.

The general verdict necessarily includes a finding that the property was destroyed in the manner and under the circumstances stated in the complaint. (*Dwyer* v. *Carroll,* 86 Cal. 298, 303; *Merritt* v. *Wilcox,* 52 Cal. 238; *Mendelsohn* v. *Anaheim Lighter Co.,* 40 Cal. 657; *McLaughlin* v. *Kelly,* 22 Cal. 212; *Reardon* v. *San Francisco,* 66 Cal. 492; 56 Am. Rep. 109.)   The verdict, being in disregard of the instructions of the court, was against law. (*Emerson* v. *Santa Clara County,* 40 Cal. 544; *Karr* v. *Parks,* 44 Cal. 46, 50; *Aguirre* v. *Alexander,* 58 Cal. 21; *Loveland* v. *Gardner,* 79 Cal. 317, 321; *Declez* v. *Save,* 71 Cal. 552.)

*A. B. Hotchkiss,* for Respondents.

The verdict is not contrary to law, because, under the instructions given and the admissions made by counsel, the jury was at liberty to find either way. (*Rice* v. *Cunningham,* 29 Cal. 496; *Spect* v. *Gregg,* 51 Cal. 202; *Wilson* v. *Cross,* 33 Cal. 68; *Declez* v. *Save,* 71 Cal. 552; *Brumagim* v. *Bradshaw,* 39 Cal. 35; Hayne on New Trial, sec. 99, p. 278; *Benjamin* v. *Stewart,* 61 Cal. 609; *Spect* v. *Gregg, supra; Lynn* v. *Southern Pac. Co.,* 103 Cal. 7.) The testimony of Kohler for the plaintiff was distrusted to the extent of rejecting plaintiff's claim for more than five hundred dollars. (Code Civ. Proc., secs. 1844, 2061.) The reasonable effect of admissions is for the jury.

(*Harrison* v. *Peabody*, 34 Cal. 180; *Gradwohl* v. *Harris*, 29 Cal. 155; *Zuck* v. *Culp*, 59 Cal. 142.)

VAN FLEET, J.—Action to recover of defendants thirty-four thousand eight hundred and ninety-one dollars and twenty-six cents, as damages alleged to have been occasioned by the destruction of certain brandies, wines, liquors, and other personal property, swept away by the Los Angeles river during high water, by reason, as alleged by plaintiff, of said river being obstructed and diverted by a railroad bridge constructed by the predecessor of defendants and maintained by the latter, and which bridge, it is alleged, was so faultily and negligently constructed and maintained as to constitute a dangerous nuisance in that it was not of sufficient space or size to admit of the flow of the waters of the river beneath it, whereby they were dammed up and caused to leave their banks and wash away and destroy the property in question.

The cause was tried by a jury, which rendered a verdict for plaintiff of five hundred dollars. From the judgment entered thereon and an order denying a new trial plaintiff appeals.

There is but one question necessary to be noticed. It is contended by plaintiff that there was no evidence to support the finding of the jury as to the amount of damage suffered by plaintiff, and that the verdict in that regard is against the instruction of the court, and therefore contrary to law.

The court instructed the jury, among other things:

"It is conceded that the property described in the complaint as having been destroyed was of the value stated in the complaint; and, if you find that said property was destroyed in the manner and under the circumstances as stated in the complaint, it will be your duty to render a verdict for the admitted value thereof."

It is claimed by plaintiff that this instruction was based upon the fact that the evidence given on the part of plaintiff, as to quantity and value of goods destroyed,

clearly established the damages as alleged in the complaint, and that this evidence was wholly without conflict, and uncontradicted by defendants, who not only put in no evidence on the question, but admitted at the trial that, if liable at all, they were liable for the damages alleged in the complaint.   Defendants deny this.   They claim that the evidence given by plaintiff as to the quantity of goods destroyed was not direct or positive, or such as the jury were bound to believe; that there was no admission by defendants of the *quantity* of goods destroyed, but only as to the *value per gallon* of the goods which plaintiff should prove to have been eventually lost; and, further, that the instruction quoted does not, and was not intended to, charge the jury that the quantity of goods lost was admitted, but that the jury were at liberty to find on that question either for or against plaintiff's evidence.   The position of defendants is not supported by the record.   The evidence on the part of plaintiff was such as, in the absence of any countervailing proof by defendant on the subject, left the jury no room to find that any of the property was destroyed, if not all.   The testimony of the witness Kohler was sufficiently direct and positive.   He testified explicitly and in detail as to the various items lost, and their value, and then stated: "The total loss was thirty-four thousand eight hundred and ninety-one dollars and twenty cents.   The various items which I have enumerated, composing that sum total, constitute, in my opinion, a fair and moderate estimate of the loss sustained," etc.   The construction attempted to be put upon the testimony of the witness that he was then stating the quantity and value of goods originally swept away, and not what was actually lost over and above the amount eventually recovered, is not borne out by an examination of the witness' whole testimony.

But, furthermore, we think the record fully establishes plaintiff's claim that defendants admitted not only the value, but the quantity, of the goods lost to be as claimed by plaintiff.   We can put no other construc-

tion upon the statements of defendants' counsel that will make them consistent with his conduct of the trial. During the examination of a witness by one of plaintiff's counsel on the subject of the lost property it was suggested that he ask the witness as to value. Counsel for defendants thereupon said: "There is no dispute about the value. I concede that the valuation is reasonable, if we are liable at all." Were it not for what followed there might possibly be room for the claim of defendants that this admission referred only to the value per gallon, and not to quantity of goods lost. At a later stage in the trial, however, when a question arose between counsel as to the materiality of certain evidence, one of plaintiff's counsel said: "But we are suing for specific damages anterior to this time, specific and defined. It is not the damage to the freehold, but the damages described in the complaint *for a list of articles which you admit yourself.*" To which defendants' counsel replied: "If we are liable at all." It is perfectly obvious from this that defendants' admission went to the quantity and value of the property as alleged, and thereby covered the damages as claimed.

Furthermore, that the court so understood counsel's position is apparent. This is clearly indicated by the instruction quoted, which is in no way modified by other parts of the charge. The jury are not left free to assess the amount of damage suffered by plaintiff in the event they find for the latter. As claimed by plaintiff, the only question left to the jury was whether the property was destroyed in the manner and under the circumstances alleged. If they found that issue in the affirmative, they were bound, under the court's instruction, to assess the damages at the amount claimed in the complaint. That they did so find is necessarily implied from the verdict, since a verdict in favor of plaintiff was a finding for him upon all the material issues. The verdict, however, not only ignores the admitted facts as to the amount of damages suffered, but plainly disregards the charge of the court upon that

point. It is, therefore, in that regard, both unsup-ported by the evidence and contrary to law.

The judgment and order denying a new trial are reversed and a new trial ordered.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.