[Civ. No. 4401. Third Appellate District.—November 5, 1931.]

ADA CARLINE DOW, etc., et al., Respondents, v. SOUTH-ERN PACIFIC COMPANY (a Corporation), etc., et al., Appellants.

J. D. Peters, George F. Jones and W. R. Dunn for Appellants.

J. Oscar Goldstein for Respondents.

PRESTON, P. J.—Action for damages for the death of Percy Everett Dow, alleged to have been caused by the negligence of the defendants.

The case was tried before a jury and resulted in a verdict and judgment in favor of the defendants. A motion for a

new trial was made by the plaintiffs based upon all the statutory grounds. The court granted the motion, and in doing so, used this language:

"The Court finds that for certain errors committed at the trial and also in particular, that the evidence is insufficient to support the verdict and that the great weight of the evidence is against the verdict, it is hereby ordered that the verdict and judgment in this case is now set aside and the plaintiffs are granted a new trial."

From this order the defendants prosecute this appeal.

It is well settled that where there is a substantial conflict in the evidence, an order granting a new trial upon the ground of the insufficiency of the evidence to support the verdict will not be disturbed on appeal, *in the absence of a clear and affirmative showing of a gross, manifest or unmistakable abuse of discretion.* The authorities supporting this rule are legion and we need only cite 20 California Jurisprudence, pages 26, 27 and 28, wherein innumerable cases so holding are collected. The evidence in the case at bar is conflicting on some of the vital issues.

This action is a companion case to that of *Johnson v. Southern Pac. Co.*, decided by this court on April 22, 1930, and found in 105 Cal. App., at page 340 [288 Pac. 81]. The case at bar was also before this court on a former appeal (*Dow v. Southern Pac. Co.*, 105 Cal. App. 378 [288 Pac. 89]).

The facts presented in the instant case are substantially the same as set forth in the opinion in the former appeal and, also, as set forth in the Johnson case. Therefore, we refer to the opinions in those cases for a statement of the facts in this case.

After a careful examination of the entire record, we are fully satisfied that the learned trial court did not abuse its discretion in granting plaintiffs a new trial upon the ground of the insufficiency of the evidence to support the verdict.

In view of this conclusion, it becomes unnecessary for us to discuss the other points raised in the briefs. There is no merit whatever in the appeal.

The order granting a new trial is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 5, 1931, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 4, 1932.