[Civ. No. 396. Fourth Appellate District.—June 27, 1932.]

LESTER PASCOE, Respondent, v. J. BRUCE PAYNE et al., Appellants.

Brittan & Brittan for Appellants.

Aldrich & Mack and Rowen Irwin for Respondent.

THOMSON, J., *pro tem.*—This is an appeal from the judgment following verdict for plaintiff, in the sum of $3,750, in an action for damages for personal injuries arising out of a collision which occurred July 11, 1930, at the intersection of N and Eighth Streets, in the city of Bakersfield. The complaint is in the usual form and the answer denies negligence on the part of defendants and alleges affirmatively contributory negligence on the part of plaintiff.

The defendants are father and son. Plaintiff sought to hold the elder Payne for imputed negligence. The complaint alleges, and the answer admits, that, at the time of the collision, the son was a minor, twenty years old, and the father had signed the application for the operator's license which was issued to the son; and the son, at the time of the

collision, was driving his father's automobile with his father's permission. At no time was a guardian *ad litem* appointed for the defendant, J. Bruce Payne, Jr., and no proceedings were taken for the purpose of having such guardian *ad litem* appointed.

The defendants and appellants rely on the following specifications of error: 1. The judgment is void as to the defendant, J. Bruce Payne, (Sr.), because it may be disaffirmed by his co-defendant, J. Bruce Payne, Jr. 2. The evidence shows as a matter of law that the contributory negligence of the plaintiff in entering an obstructed intersection of highways at a speed in excess of fifteen miles per hour was the proximate cause of the collision and the resulting injuries. 3. The evidence shows as a matter of law that the contributory negligence of the plaintiff in persisting in his course after the defendant driver had entered the intersection of highways first proximately caused the collision and the resulting injuries.

Under their first specification of error appellants cite section 1714¼ of the Civil Code, which provides in part, "Every owner of a motor vehicle shall be liable and responsible for the death of or injury to persons or property resulting from negligence in the operation of such motor vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner . . . in any action against an owner on account of imputed negligence as imposed by this section the operator of said vehicle whose negligence is imputed to the owner shall be made a party defendant . . . and, upon recovery of judgment recourse shall first be had against the property of said operator . . . and provided, further, that in the event a recovery is had under the provisions of this section against an owner on account of imputed negligence, such owner shall be subrogated to all the rights of the person injured . . . and may recover from such operator the total amount of any judgment and costs recovered against such owner."

Appellant J. Bruce Payne, Sr., argues that said section creates a new liability, making the owner and the operator jointly and severally liable, but restricts this liability by providing that, in cases where no agency exists, the primary liability shall rest upon the operator, and it gives to the owner the right of subrogation against the negligent operator.

Said appellant further contends that, in a case like the instant case, where the negligent driver is a minor, and he has not been represented in the action by a guardian *ad litem*, the non-negligent owner is deprived of the benefit of the above restrictions on such liability. However, the right to have a guardian *ad litem* appointed was available to said appellant, as well as to the respondent, and, upon application by said appellant to the trial court, such a guardian, no doubt, would have been appointed (Code Civ. Proc., sec. 373, subd. 2). Said appellant should not, therefore, be heard to complain on appeal because a guardian *ad litem* was not appointed. Said appellant's contention, however, overlooks the fact that the liability of the father of the minor in this case is also based upon the fact that the father, prior to the collision, had signed the minor's application for an operator's license, which license was issued to said minor by the motor vehicle department, and the minor, at the time of the collision, was operating said automobile with the permission of his father. The pleadings admit, and the evidence shows, these facts. Under such circumstances the negligence of said minor is imputed to his father under the provisions of section 62 of the California Vehicle Act. (*Buelke* v. *Levenstadt,* 190 Cal. 684, 685 [214 Pac. 42]; *Bosse* v. *Marye,* 80 Cal. App. 109, 116 [250 Pac. 693].) Said section 62, which relates to the negligent use of motor vehicles by minors, does not contain the restrictions above mentioned which are included in section 1714¼ of the Civil Code. In the case of *Bosse* v. *Marye, supra,* the jury returned a verdict against the father of the negligent minor driver and failed to find the minor liable. The appellate court, however, held, under a statute similar to section 62 of the California Vehicle Act of 1929, that the liability of the minor and the person who signed his application for an operator's license was joint and several and the minor was not even a necessary party to the action. It follows, therefore, that appellant, J. Bruce Payne, Sr., is liable to respondent regardless of the failure to appoint a guardian *ad litem* for appellant J. Bruce Payne, Jr.

Appellants' second and third specifications of error may be condensed into the one argument that the evidence shows that respondent was guilty of contributory negligence which was the proximate cause of the injury, as a matter of law.

In support of their second specification of error appellants recite that it was stipulated that the intersection involved in the case is an obstructed or "blind" intersection; that J. Bruce Payne, Jr., who was driving his father's Cadillac automobile which was involved in the collision, and three boys who were following him in an automobile, testified that respondent's Hudson automobile which was involved in the collision, approached and entered the intersection in which the collision occurred at a speed in excess of twenty-five miles per hour, and Mrs. Pascoe, wife of respondent, who was seated in the front seat of respondent's car, testified that prior to reaching the intersection respondent's car was traveling fifteen or twenty miles per hour; and appellants argue from such evidence that respondent's car must have been exceeding the speed limit at the time it entered the intersection. But there was other evidence at the trial from which the jurors might well have concluded that respondent's car entered the intersection at a lawful rate of speed. Mrs. Ione Francis, a witness for the plaintiff, testified that she was sitting on the porch of a residence about half a block north of the intersection, when plaintiff's car passed, and that it was then traveling fifteen or twenty miles per hour. Plaintiff's wife testified that, just before entering the intersection, her husband, who was driving the Hudson car, removed his foot from the accelerator and slackened the speed of the car so that he might look up and down Eighth Street. This created a conflict of evidence and the jurors were not bound to believe the testimony of defendants' witnesses, but, from the evidence produced by the plaintiff, they could have concluded reasonably that plaintiff's car entered the intersection at a lawful rate of speed.

Appellants argue that "the evidence further shows that his (respondent's) Hudson struck the right front part of the defendant's Cadillac, and that, therefore, his negligent speed proximately caused the collision". There is nothing conclusive about the fact that the Hudson may have struck the Cadillac. But plaintiff produced evidence to prove that appellant's car was approaching the intersection at a high rate of speed and swerved over to the left or south side of Eighth Street before entering the intersection and continued to swerve in that direction up to the point of impact, which was a few feet south of the center of the intersection, and

that the Cadillac struck the Hudson a glancing blow, turning the Hudson over on its side and causing it to face in the opposite direction. With such a conflict of evidence, the jurors were justified in believing that appellant's car struck respondent's car while the former was traveling at an excessive speed, and that respondent was free from any negligence that proximately contributed to the collision.

Appellants' last contention is that "The evidence shows as matter of law that the contributory negligence of the plaintiff in persisting in his course after the defendant driver had entered the intersection of highways first proximately caused the collision and the resulting injuries." In support thereof appellants cite section 131 of the California Vehicle Act of 1929 (in effect at the time of the collision), which provides that "the driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection . . . " Appellants then review evidence favorable to their contention that their car entered the intersection before respondent's car. In reply respondent points out evidence produced by him at the trial which indicates, and from which the jurors might reasonably have inferred, that respondent's car entered the intersection first.

It should also be stated that the record on appeal shows that at the trial a map or diagram prepared by an engineer and drawn to scale was produced and used extensively by witnesses to illustrate their testimony. This diagram is not a part of the record on appeal, and in such case the appellate court must assume that the jury was aided by the use of the diagram in connection with other evidence in arriving at its conclusions as to the responsibility for the collision (*Packer* v. *Wagner,* 109 Cal. App. 26, 29 [292 Pac. 523, 524]; *Truitner* v. *Knight,* 83 Cal. App. 655, 662 [257 Pac. 447]).

Upon the entire record on appeal it is apparent that a substantial conflict of evidence exists as to the elements of proof necessary to reach a verdict. The evidence introduced by respondent, including the physical facts connected with the collision, is sufficient to support the verdict. In this condition of the evidence an appellate court will not disturb the judgment. It is immaterial on appeal that appellants' evidence, if accepted by the jury, would likewise have supported a verdict in their favor (*Waxman* v. *Jennings,* 72

Cal. App. 671, 674 [238 Pac. 98]). As stated by this court in the case of *Packer* v. *Wagner, supra,* ''When the evidence is conflicting, or when reasonable men might differ as to the inferences which ought to be drawn from the undisputed evidence, the question of negligence or contributory negligence is not one of law, but of fact . . . A reviewing court is not justified in disturbing a judgment unless it appears that upon no hypothesis is there sufficient substantial evidence to support it.'' (See, also, *Taylor* v. *United States Fidelity & Guaranty Co.,* 86 Cal. App. 382, 386 [260 Pac. 898]; *Rasic* v. *Schultheiss,* 121 Cal. App. 560 [9 Pac. (2d) 550].)

Under the facts and circumstances of the instant case, the issues of contributory negligence and proximate cause were matters for the jury to determine, and its verdict against the defendants is conclusive upon this court.

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.