[Civ. No. 4997. Third Appellate District.—February 28, 1934.]

NOLA BOGAN, Respondent, v. J. E. WHITE, Appellant.

Len H. Honey for Appellant.

Charles H. Vance, A. L. Cowell and Gumpert & Mazzera for Respondent.

HELD, J., *pro tem.*—In this action, plaintiff claims damages of defendants for personal injuries suffered by her as a result of a collision between the automobile of defendant J. E. White and that of defendant H. Bahr. A jury returned its verdict against plaintiff, and in favor of both defendants, and judgment on the verdict was entered accordingly. Plaintiff moved for a new trial on all the statutory grounds except, of course, excessive damages, and on May 19, 1933, an order was entered "granting the motion of plaintiff for a new trial upon the grounds among others of the insufficiency of the evidence to support the verdict and judgment". From this order the defendant J. E. White alone has appealed.

■ The granting or denial of a new trial is a matter resting so largely in the discretion of the trial court that it will not be disturbed except upon a manifest and unmistakable abuse. (2 Cal. Jur., p. 905.)

In *Dow* v. *Southern Pac. Co.*, 118 Cal. App. 196 [4 Pac. (2d) 786], this court said:

"It is well settled that where there is a substantial conflict in the evidence, an order granting a new trial upon the ground of the insufficiency of the evidence to support the verdict will not be disturbed on appeal, in the absence of a clear and affirmative showing of a gross, manifest or unmistakable abuse of discretion. The authorities supporting this rule are legion."

The record shows that the accident out of which this action arises occurred at about 8 o'clock on the evening of November 26, 1932, at the intersection of California and Channel Streets in the city of Stockton. Defendant White at the time was driving a Pontiac automobile in a southerly direction on California Street, and defendant Bahr was driving a Ford automobile in a westerly direction on Channel Street. The plaintiff, at the same time, was on foot and was crossing Channel Street from its northerly to its southerly side, on the west line of California Street. The Ford automobile struck the Pontiac, and the latter struck plaintiff, causing the injuries complained of.

The negligence of appellant is not denied on the appeal, but it is contended that regardless of such negligence, the plaintiff was shown to be guilty of contributory negligence as a matter of law, and that a recovery by her could not be sustained. Such contributory negligence is predicated upon plaintiff's failure to look to the north before she started to cross Channel Street, and also upon the alleged fact that she did not cross Channel Street in the pedestrian lane. Her testimony, however, was that she glanced to the north and looked to the east, west and south before she started across Channel Street. Her course being on the pedestrian lane from the northwest corner of Channel and California Streets, she was not required to look to the north, which would have been behind her. (Cal. Jur., 1928 Supp., p. 197.) Even though it had been incumbent upon her to look to the north when she stepped from the curb, her duty was fully performed when she did so, and she was not required to continue looking in that direction. (*Nickell* v. *Rosenfield,* 82 Cal. App. 369 [255 Pac. 760].)

On the question as to the location of plaintiff when she was struck the testimony is in conflict. She testified: "I was walking straight across from one corner, headed for the other corner of South Channel Street." Her immediate destination was a fruit store on the corner south from the point where she left the sidewalk on the north side of Channel Street. After leaving the north curb, she started straight across the street. It is true that on cross-examination plaintiff testified that the traffic button located on the extension of the curb line on the west side of California Street was to her right as she crossed the street. But she also testified that she was "right close to it, right to it"; that the traffic button was "just to my right hand". The record would indicate that the plaintiff while a witness was laboring under such a physical disadvantage that she became confused as to directions. It appears that she testified: "I remember being right close to that button," and when asked to state her position with reference to the button, she replied, "I just glanced down and saw it." When asked whether she glanced to her right or left, she replied, "It was to my—let me see now—it was to my left—no, right, I guess." The confusion of the witness is shown by the following excerpt from her testimony: "Q. And the

cross walk is this cement walk through here? A. Yes. Q. Now at the time that you were struck here with this automobile do you know whether or not that this button here that was out here in the intersection, were you there or whether you were over here in the cross walk? A. I was right even with the button. Q. Well were you on this side of it here? A. What I mean, even this way, I mean. I remember that button, that is the last I do remember, and I was right there inside of that button, about that far inside the button. Q. Well that is not the cross walk that is the street? A. Oh no, no, I mean, I am wrong. I came right from the corner, I came across to this side. Q. Then you were in the cross walk when you were struck? A. I was right about by that button, where that button is, I was not at the button, I was right there, I remember seeing the button. Q. I am marking about where you were when you were struck. A. Where I was struck, well I would say along there somewhere. Q. Right in here? A. Yes."

Defendant Bahr testified that he first observed the Pontiac when it was two feet distant from his car; that he had reached a point west of the center of California Street when the collision occurred; and that immediately before the collision the Pontiac turned slightly to the right. Appellant testified that perhaps by being struck his car may have skidded to the right.

The affidavit of Laura Horn, which was before the trial court on the hearing of the motion for a new trial, is to the effect that prior to the collision, the Pontiac swerved to the right and struck plaintiff. Sufficient excuse was shown for the absence of this witness from the trial.

Plaintiff testified that the rear and side of the automobile with which she came in contact struck her, and in her language that the automobile "side swiped her". It struck her on the left side, and her injuries were on the left side of her body.

The testimony offered in support of plaintiff's case does not establish contributory negligence on her part. On behalf of appellant, there was testimony that would indicate that the Pontiac at no time was west of the southerly prolongation of the curb on the west side of California Street, north of Channel Street, to the curb on the west side of California Street, south of Channel Street. There is a clear

154

conflict in the evidence, and this warranted the lower court in granting a new trial.

■ The appellant in this case has not furnished the court with the maps and diagrams to which repeated references were made in the testimony of the witnesses, and the record is incomplete in that regard and much of the testimony meaningless. In such a case, it has been held that the appellate court being uninformed upon what record the court below acted, the judgment will be affirmed upon the presumption that the court decided correctly upon all the evidence before it. (*Wilmon* v. *Aros*, 191 Cal. 80 [214 Pac. 962]; *Packer* v. *Wagner*, 109 Cal. App. 26 [292 Pac. 523]; *Pascoe* v. *Payne*, 124 Cal. App. 528 [12 Pac. (2d) 1091]; *Merrill* v. *Finigan*, 133 Cal. App. 101 [24 Pac. (2d) 188, 189].) The following language of the court in the last cited case is quite pertinent here:

"We may take occasion to note that the record before us is not complete. It appears from the transcript that many witnesses illustrated their testimony by maps and diagrams which are not before us. . . . If a diagram is necessary in the court below it is more necessary for a complete review of the evidence. Often the position of automobiles after an accident may be a contributory factor in influencing and directing the trial court's finding. All we can do on review is guess, and with the presumption in favor of the judgment, the guess must follow the presumption."

After a careful examination of the entire record, we are fully satisfied that the trial court did not abuse its discretion in granting plaintiff a new trial.

The order granting a new trial is affirmed.

Plummer, J., and Pullen, P. J., concurred.