[Civ. No. 9736.   Second Appellate District, Division One.—November 26, 1935.]

SAMUEL GUBERMAN, Respondent, v. MORRIS WEINER et al., Defendants; CONSOLIDATED HOTELS, INC. (a California Corporation), Appellant.

Harold Larson for Appellant.

Paul Barksdale D'Orr, Thomas A. Reynolds and Ira J. McDonald for Respondent.

ROTH, J., *pro tem.*—This is an action brought by respondent to recover damages for injuries claimed to have been sustained by him, as a consequence of an automobile accident which occurred at 7th and Hill Streets, in the city of Los Angeles, on the 17th day of March, 1933. Plaintiff and respondent was struck by the automobile as he was moving from the curb to a safety zone in the street. The automobile involved was driven by one Weiner and belonged to his wife, although one Ulrey was the registered owner thereof at the time of the accident. Appellant Consolidated Hotels, Inc., was sued as Weiner's employer, on the theory that at the time of the alleged accident Weiner was an employee of the Consolidated Hotels, Inc., acting within the scope of his employment. Trial was had before a jury and this appeal is from the judgment rendered in plaintiff's favor as against the Consolidated Hotels, Inc., and Weiner for the sum of $5,000. There was also a verdict in favor of plaintiff and against Ulrey, the registered owner of the automobile involved in the accident, for the sum of $100. This appeal is solely by Consolidated Hotels, Inc., hereinafter called appellant. The effect of the discrepancy in the verdicts against Weiner and Ulrey is of no moment, unless such discrepancy vitiates the verdict and the judgment entered thereon against appellant.

It appears to be conceded by appellant that Weiner was negligent, and that the injuries sustained by plaintiff and respondent were a direct consequence of the accident caused by such negligence. ■ Perfunctory argument is made that respondent was guilty of contributory negligence as a matter of law, and that the court erred in refusing certain instructions. It is sufficient to say that the instructions as given by the court were substantially correct and fully protected

appellant on all material matters upon which instructions were requested.

As to the contributory negligence of the plaintiff, the written statement of Weiner, of which more will be said hereafter, demonstrates that respondent was not guilty of negligence as a matter of law, and that the admissions made by Weiner in connection with other evidence fully justified the jury in its finding of negligence against Weiner, and in concluding that there was no contributory negligence on the part of respondent. (*Wilbur* v. *Wilbur*, 197 Cal. 1 [239 Pac. 332]; *Wing* v. *Kishi*, 92 Cal. App. 495 [268 Pac. 483].)

■ Appellant concentrates its fire on the point that Weiner at the time of the accident was not acting within the scope of his employment and that it, therefore, was not responsible for the consequences of such accident. The evidence on this point is conflicting. The testimony of the defendant Weiner, when considered in the light of written statements made to the insurance adjuster of appellant at appellant's direction on the day after the accident and before filing of the suit, is replete with glaring contradictions. An analysis of this evidence, without giving to respondent the benefit of the presumptions to which he is entitled on appeal, shows that defendant Weiner was the employee of appellant, and that at the time of the accident, he was on the way to see one Feldman, who owed money to the hotel which Weiner operated for appellant. There is no question that this was appellant's business, and there is no credible evidence that Weiner was not charged with the responsibility of making an effort to collect the bill, or that there was anything improper or unauthorized in the method adopted by Weiner in making the collection.

■ Appellant urges that the written statement made and signed by Weiner to appellant's insurance carrier the day after the accident at appellant's direction, in which Weiner detailed the facts of the accident and admitted he was engaged upon the business of collecting the bill mentioned, was improperly admitted against appellant, and that appellant was not bound thereby because such statements were no part of the *res gestae*. (*Willard* v. *Valley Gas & Fuel Co.*, 171 Cal. 9 [151 Pac. 286]; *Burgesser* v. *Bullock's*, 190 Cal. 673 [214 Pac. 649]; *Barton* v. *McDermott*, 108 Cal. App. 372 [291 Pac. 591].) The principles enunciated in the foregoing cases

have no application here. Weiner's report to appellant's insurance carrier (which became insolvent prior to the trial of this action) was made by direction of appellant. There is no doubt of this, because shortly thereafter appellant, addressing a letter to its insurance carrier, referred to Weiner as "one of our employees" and asked for a copy of the report made by him. Furthermore, Weiner's written report comprising three pages, each of which was separately signed by Weiner, recites the facts of the accident and states, "before the accident I was going to 746 South Broadway to see a Mr. Feldman, who owed a back bill at the Victor Hotel", all of which was competent evidence, irrespective of any question of agency. (*Roche* v. *Llewellyn Iron Works,* 140 Cal. 563 [74 Pac. 147].)

As already stated, defendants Ulrey and Weiner have not appealed. The fact that the verdict against Ulrey was for $100, and against Weiner was for $5,000 is of no moment, in so far as the validity of the judgment against appellant is concerned. The liability of a registered owner is "direct and several, as well as joint, and is not dependent upon a judgment against the operator". See *Milburn* v. *Foster,* 8 Cal. App. (2d) 478 [47 Pac. (2d) 1106].

The judgment is affirmed.

Houser, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 19, 1935.