[Civ. No. 10630. Second Appellate District, Division Two.—January 16, 1936.]

IRENE BRUSH, Respondent, v. MORRIS A. KURSTIN et al., Appellants.

Lasher B. Gallagher for Appellants.

Charles E. R. Fulcher for Respondent.

McCOMB, J., *pro tem.*—This is an appeal by:

A. Defendant Morris A. Kurstin from a judgment in favor of plaintiff for damages in the sum of $4,697.50 after a trial before a jury;

B. Defendant Bernice Kurstin from an order granting plaintiff a new trial on the issue of damages solely.

Viewing the evidence most favorable to plaintiff (*Ah Gett* v. *Carr*, 3 Cal. App. 47, 48 [84 Pac. 458]), the facts in the instant case are:

Plaintiff at approximately 10:15 P. M., December 17, 1934, approached the southwest corner of Wilshire and Rampart Boulevards in the city of Los Angeles. Looking west on Wilshire Boulevard, she observed an automobile approaching her approximately a block away. At the same time she saw an automobile owned by defendant Bernice Kurstin, and being operated by defendant Morris A. Kurstin, traveling rapidly in a westerly direction on the same boulevard about 600 feet east of the intersection. The traffic signals were not in operation, but were flashing a yellow light. She then stepped into Wilshire Boulevard walking rapidly in the pedestrian crosswalk toward the northerly side of the thoroughfare. When in the center of the street she looked and saw defendant's car traveling west on Wilshire Boulevard near the northerly curb at a speed of about forty miles per hour. Continuing to walk in a northerly direction for five or six feet, she again observed the defendant's car as it entered the intersection. Suddenly it swerved in a southwesterly direction and then again in a westerly direction, striking and seriously injuring the plaintiff while she was in the crosswalk approximately six feet north of the center line of the artery.

## A.

Defendant Morris A. Kurstin relies for reversal of the judgment on three propositions:

*First: Plaintiff was guilty of contributory negligence as a matter of law.*

*Second: The trial court committed prejudicial error in instructing the jury as follows:*

*(a) "The term 'preponderance of the evidence' means the greater weight of the evidence. It does not necessarily mean the testimony of the greater number of witnesses on one side as opposed to a lesser number on the other. It means evidence which produces conviction in your minds, rather than that which is not convincing to you. The burden of producing a preponderance of the evidence rests upon the party having the affirmative of an issue, and in civil cases, such as this, all that is required is a preponderance of the evidence."*

*(b) "The right of drivers of automobiles to use public highways is not superior to that of any pedestrian, and in the exercise of a common right to the use of such public highways all persons using the same must exert constant care and caution for the conservation of the corelative rights of each of the parties."*

*(c) "You are instructed that the defendant, Morris Kurstin, had no right to assume that the highway was clear, but under all circumstances and at all times he was bound to anticipate the presence of pedestrians lawfully upon the highways, and he was at all times and at all places required to use ordinary care and skill for the safety of such pedestrians, and if you find that the defendant, Morris Kurstin, failed to exercise ordinary care and skill for the safety and protection of such pedestrians, then I instruct you that he was negligent in this particular."*

*Third: The trial court committed prejudicial error in (a) giving, (b) refusing, and (c) giving as modified, various instructions.*

Defendant Morris Kurstin's first proposition is answered by an unbroken line of decisions in this state, holding contributory negligence on the part of plaintiff a question of fact for determination by the trial jury, whose finding will not be disturbed by this court, if there is substantial evidence

in support thereof. (*Shields* v. *King,* 207 Cal. 275 [277 Pac. 1043].) An examination of the record in the instant case discloses a conflict in the testimony and substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the implied finding of the jury that plaintiff was not guilty of contributory negligence. We therefore refrain from further discussion of the evidence. (*Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399] ; *Koeberle* v. *Hotchkiss,* 8 Cal. App. (2d) 634 [48 Pac. (2d) 104].)

 The portion of the instruction set forth in paragraph (a) of defendant Morris Kurstin's second proposition reading, "It means evidence which produces conviction in your minds, rather that that which is not convincing to you," was inaccurate and academically incorrect beyond doubt. However, in view of the other instructions given by the trial court, this inaccurate statement did not constitute reversible error. (*Bowman* v. *Motor Transit Co.,* 208 Cal. 652 [284 Pac. 443] ; *East Bay Municipal Utility District* v. *Kieffer,* 99 Cal. App. 240, 257 [278 Pac. 476, 279 Pac. 178].)

 The instructions set forth in paragraphs (b) and (c) of appellant's second proposition are accurate statements of the principles of law embodied therein. Mr. Justice Lennon in *Rush* v. *Lagomarsino,* 196 Cal. 308, at page 317 [237 Pac. 1066], says:

"The right of drivers of automobiles to use public highways is not superior to that of the humblest pedestrian and in the exercise of a common right to the use of the public highways all persons using the same must exert constant care and caution for the conservation of their correlative rights commensurate with the special hazard which is peculiar to and nowadays ever present in the use of public highways. Accordingly the driver of an automobile 'has no right to assume that the road is clear, but under *all circumstances* and *at all times* he must be vigilant and must anticipate the presence of others. . . . Even though the operator of an automobile may be rigidly within the law, 'he still remains bound to anticipate that he may meet persons at any point of the street and he must, in order to avoid the charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another person using proper care and caution and if the situation re-

quires, he must slow up and stop'. (*Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335, 340 [208 Pac. 125, 127].)

"The instruction immediately under consideration in effect declared the law to be that 'it is not a part of the duty of an operator of a motor vehicle to keep his machine *always* under control, or that *it is his duty to keep it under control only a part of the time;* . . . Of course such is not the law.'' (Italics ours.)

See, also, *Meyers* v. *Bradford,* 54 Cal. App. 157, 159 [201 Pac. 471].

Defendant Morris Kurstin finally contends that the trial court in numerous instances committed prejudicial error in either (a) giving, (b) refusing, or (c) giving as modified, various instructions. A careful examination of the alleged errors fails to substantiate his contention.

### B.

Defendant Bernice Kurstin contends:

*A new trial may not be granted as to the owner of an automobile sued under section 1714¼ of the Civil Code on the issue of damages solely.*

This proposition is untenable. If the trial court is of the opinion that the amount of damages awarded is not legally adequate nor commensurate with the extent of injury received by the plaintiff, it may grant a new trial on the ground that the evidence does not justify the verdict (*Koebig* v. *Southern Pacific Co.,* 108 Cal. 235, 237 [41 Pac. 469] ; *Bennett* v. *Hobro,* 72 Cal. 178 [13 Pac. 473]), and in granting a new trial the court may limit the issue *solely* to that of ascertaining the amount of damage sustained. (*Tumelty* v. *Peerless Stages,* 96 Cal. App. 530, 535 [274 Pac. 430] ; sec. 657, Code Civ. Proc.) This rule applies to a judgment entered against the owner of an automobile whose liability is based upon section 1714¼ of the Civil Code, since such defendant's liability is direct and several, as well as joint, and is independent of a judgment against the operator of the vehicle. (*Milburn* v. *Foster,* 8 Cal. App. (2d) 478 [47 Pac. (2d) 1106] ; *Guberman* v. *Weiner,* 10 Cal. App. (2d) 401 [51 Pac. (2d) 1141] ; *Pascoe* v. *Payne,* 124 Cal. App. 528 [12 Pac. (2d) 1091].)

The judgment and order from which the appeals were taken are and each is affirmed.

Crail, P. J., and Wood, J., concurred.