[L. A. No. 16435. In Bank.—March 24, 1938.]

ROBERT F. HOLLAND, Respondent, v. M. C. KODIMER, Appellant.

Irwin H. Roth and Horace W. Danforth for Appellant.

H. A. I. Wolch and Thomas A. Reynolds for Respondent.

WASTE, C. J.—Defendant appeals from an order denying his motion to set aside and recall an execution issued and levied under a judgment entered against him in this action for damages.

Stripped of unnecessary and burdensome detail, the sole issue here presented is whether a judgment in the sum of $2,174.39 for damages growing out of the negligent operation of an automobile may be enforced against the adult owner of said automobile when the operator thereof, and codefendant in the action, disaffirms the judgment and has the same and the execution issued and levied thereon against him set aside because of his minority. The action was brought under former section 1714¼ of the Civil Code (the counterpart of the present section 402 of the Motor Vehicle Code), which at the time of the accident provided, in part, as follows: "Every owner of a motor vehicle shall be liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner provided . . . [amount of recovery limited] . . . and provided that in any action against an owner on account of imputed negligence as imposed by this section the operator of said vehicle whose negligence is imputed to the owner shall be made a party defendant provided personal service of process can be had upon said operator within this state, and upon recovery of judgment, recourse shall first be had against the property of said opera-

tor so served; . . . and provided, further, that in the event a recovery is had under the provisions of this section against an owner on account of imputed negligence such owner shall be subrogated to all the rights of the person injured or whose property has been injured and may recover from such operator the total amount of any judgment and costs recovered against such owner; . . . ''

Though personally served with summons, the owner and operator, who were father and son, defaulted and judgment was entered against each in the amount specified. Thereafter, upon a showing that the son was but 19 years of age, the father was appointed his guardian *ad litem* and, following disaffirmance on behalf of the minor, the judgment and execution issued thereon, upon motion duly noticed, were set aside and recalled as to said minor. This, the defendant owner now contends is fatal to the enforcement of the judgment against him. His argument proceeds largely on the erroneous assumption, so prevalent in his opening brief, that the judgment entered against an owner and a negligent operator of an automobile is a joint judgment which, prior to its enforcement against the owner must, in effect, be extant against the negligent operator, from whom payment must first be sought. In this, the appellant owner is in error. ■ It is now well settled that ''In cases which predicate liability of an owner defendant under this section [1714¼, Civ. Code] when ownership of the automobile and permission to operate the same has been proved, the owner becomes directly liable for damage suffered in an amount limited by the statute, and this liability is direct and several, as well as joint, and is not dependent upon a judgment against the operator.'' (*Milburn* v. *Foster*, 8 Cal. App. (2d) 478, 480 [47 Pac. (2d) 1106]; *Guberman* v. *Weiner*, 10 Cal. App. (2d) 401, 404 [51 Pac. (2d) 1141]; *Brush* v. *Kurtstin*, 11 Cal. App. (2d) 258, 262 [53 Pac. (2d) 777]; *Sayles* v. *Peters*, 11 Cal. App. (2d) 401, 404 [54 Pac. (2d) 94]; *Pascoe* v. *Payne*, 124 Cal. App. 528 [12 Pac. (2d) 1091].)

■ In his reply brief the appellant owner alters his position to the extent of recognizing, as he must, that under the authorities such a judgment is joint and several. He maintains, however, that the respondent should be precluded from satisfying the judgment against him because by failing to have a guardian *ad litem* appointed for the minor defendant operator the respondent has assertedly deprived him, as the

nonnegligent owner, of the benefit of the restrictions on the liability imposed upon him by section 1714¼, *supra*. A somewhat similar contention was advanced in *Pascoe* v. *Payne, supra*, in response to which it was declared: "However, the right to have a guardian *ad litem* appointed was available to said appellant [owner], as well as to the respondent, and, upon application by said appellant to the trial court, such a guardian, no doubt, would have been appointed. . . . Said appellant should not, therefore, be heard to complain on appeal because a guardian *ad litem* was not appointed." Moreover, it is stated in respondent's brief herein that he was unaware of the minority of the defendant operator until after the entry of judgment, when proceedings were prosecuted on behalf of the minor to disaffirm and set aside the judgment and the execution issued thereon.

In our opinion, the decision in *Broome* v. *Kern Valley Packing Co.*, 6 Cal. App. (2d) 256, 261, 262 [44 Pac. (2d) 430] (hearing denied by this court), accurately analyzes and applies section 1714¼, *supra*, and the reasoning therein appearing, satisfactorily answers the arguments of the appellant in the present case. In the cited case the jury brought in a verdict for $5,000 against the defendant owner and rendered no verdict as to the defendant operator. There, as here, it was urged, in effect, that in the absence of a judgment against the operator, it was improper to enter and enforce a judgment against the owner. After pointing out that the failure to find against the operator was not the equivalent of finding in his favor, in which latter event there would be no negligence to impute, the court declared:

"While the liability imposed by this section of the code upon the owner of an automobile may be secondary as between such owner and the person operating the car with his permission, it is a primary and direct liability and not a secondary one in so far as the injured party is concerned. It would seem that the main purpose of this section is to make such an owner directly responsible to a person injured through the negligence of an operator driving the car with the owner's permission, although the section also contains provisions calculated to protect the owner from the results of the operator's negligence in so far as this may be done between those parties without interfering with the rights of the injured party. After imposing a direct liability on the owner in favor of the

injured person certain provisions are added. One of these is to the effect that the operator shall be made a defendant when personal service may be made upon him in this state. The fact that the operator need not be made a defendant in all cases strongly indicates that the liability of the owner is primary and is not dependent upon whether or not the operator is made a defendant.

"Coupled with the provision last referred to is a subproviso that, upon the recovery of a judgment, recourse shall first be had against the property of an operator who has been served. This must have been intended for the benefit of the owner and not only can it be waived by him but the same *can only apply where a judgment is recovered both against the operator and the owner.* If the injured party has complied with the terms of the section and has made the operator a defendant in the action and served him, the fact that no judgment is subsequently entered against the operator should not free the owner from the direct liability otherwise imposed by the statute. To give this benefit to the owner in case judgment is entered against both is far from providing that a judgment against the owner alone, without mentioning the operator, is void and may not be enforced. To thus interpret this clause would, at least in part, nullify the subrogation clause which follows.

"The next provision in the section is that in the event recovery is had against such an owner he shall be subrogated to the rights of the injured party and may himself recover from the operator the amount of any judgment which has been recovered against him. This clause is not limited to cases where the operator is not made a party but expressly applies to any recovery under the section. The right of contribution does not rest upon the existence of a judgment against the operator in the same action but applies in the event a recovery is had against such owner and covers 'any judgment and costs recovered against such owner'. Where an operator is made a party to the action and no judgment is entered against him this provision still gives the owner a right of subrogation and a right to 'recover from such operator' the amount of any judgment entered against the owner. Under this provision an owner may bring an independent action in the nature of an action for contribution and it may not be said, as argued by appellant, that the other remedy afforded by this section, that of proceeding against the prop-

erty of the operator on the judgment entered in the original action, is a complete or exclusive remedy.

"While this section is not as clear as could be desired, we think it imposes a primary and direct liability upon such an owner, with secondary provisions to enable him to protect himself as against the operator of the car. Under these latter provisions the owner would have the right to demand that the jury be directed to pass upon the issue as to the liability of the operator, to the end that he may take advantage of the provision that recourse shall first be had against the property of the operator, or he may proceed under the other clause giving him the right of subrogation.

"Under the authorities above cited we think the appellant here waived his right under the 'recourse' clause by failing to ask that the jury be sent back to complete its verdict and that he was then limited to his right under the 'subrogation' clause." (Italics added.)

So it is here. In the present case the respondent made both the operator and the owner a party defendant and both were personally served with summons. There was no finding or judgment favorable to the defendant operator. In fact, by his default, the implied findings are against him and his negligence is imputable to the appellant owner, with whose permission he was operating the automobile. As in the Broome case, *supra,* where the owner was held to have waived his right of "recourse", but not his right of subrogation against the operator, by failing to demand that the jury also pass upon the liability of the operator, so here, by his failure to request the timely appointment of a guardian *ad litem* for his minor son and operator of the automobile, as was his privilege, the appellant must be held to have waived his right of "recourse".

The italicized language in the Broome decision, *supra,* to the effect that the "recourse" provision of section 1714¼, *supra,* "can only apply where a judgment is recovered both against the operator and the owner", serves to distinguish and dispose of the case of *Cook* v. *Superior Court,* 12 Cal. App. (2d) 608, 612 [55 Pac. (2d) 1227], relied on by the appellant owner, for there a judgment had been entered against both the operator and owner, necessitating that "recourse" first be had against the property of the operator.

What has been said sufficiently disposes of the appellant's contentions.

In concluding, we desire to state that we express no opinion upon a factual situation wherein it is charged and proved that a judgment against an owner alone is the result of collusion or fraud between the injured party and the operator. Such issue is not here involved and we refrain from determining the same.

The motion to dismiss, noticed when the cause was pending in the District Court of Appeal of the Second Appellate District, Division Two, is denied and the order appealed from is affirmed.

Houser, J., Shenk, J., Curtis, J., Edmonds, J., Seawell, J., and Langdon, J., concurred.